UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

344 PROVIDENCE ROAD REALTY
TRUST, RICHARD J. WUNSCHEL,
and NAUTILUS INSURANCE COMPANY,

    Plaintiffs,

v.

AMERICAN SAFETY RISK RETENTION
GROUP, INC. and ARCHITECTURAL
DELEADING, INC.,

    Defendants

CIVIL ACTION NO.: 04-40197

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This diversity jurisdiction action seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 and damages for unfair or deceptive business practices pursuant to Massachusetts General Laws ch. 93A and ch. 176D. The plaintiffs 344 Providence Road Realty Trust ("Realty Trust"), Richard Wunschel ("Wunschel") and Nautilus Insurance Company ("Nautilus") seek a declaration as to whether an indemnity contract between Architectural Deleading, Inc., ("ADI") and Richard Wunschel as trustee of the Realty Trust is an insured contract within the meaning of a comprehensive general liability insurance policy ("CGL Policy") that ADI purchased from its insurer, American Safety Risk Retention Group, Inc. ("Risk Retention"), requiring Risk Retention to extend insurance coverage to the liability, attorneys' fees and expenses incurred or that may be incurred by the Realty Trust, Wunschel and their subrogated insurer Nautilus as a result of a claim arising from ADI's operations under the contract. The plaintiffs also seek damages with respect to Risk Retention's unfair or deceptive

business and/or insurance practices with respect to claims made against the CGL Policy's insured contract coverage.

## PARTIES

2.   The plaintiff 366 Providence Road Realty Trust ("the Realty Trust") is organized under the laws of the Commonwealth of Massachusetts under a Declaration of Trust dated March 28, 1995, and recorded within the Worcester County registry of deeds, Book 16956, Page 43.

3.   At all times material to this complaint, the Realty Trust owned the land and building located at 11 to 21 Sutton Street, Northbridge, Worcester County, Commonwealth of Massachusetts.

4.   The plaintiff Richard Wunschel ("Wunschel") is an individual who is domiciled at 30 Lackey Dam Road, East Douglas, Worcester County, Commonwealth of Massachusetts 01516, and at all times material to this complaint was the trustee of the Realty Trust and one of its beneficiaries.

5.   The plaintiff Nautilus Insurance Company ("Nautilus") is a business corporation organized and existing under the laws of the State of Arizona.

6.   Nautilus has a principal place of business at 7273 East Butherus Drive, Scottsdale, Arizona 85260.

7.   Nautilus is and has been duly authorized to transact business as a non-admitted insurance company or surplus lines carrier in the Commonwealth of Massachusetts for all times material to this complaint in accordance with the provisions of Massachusetts General Laws ch. 175, § 168.

8.   The defendant Architectural Deleading, Inc., ("ADI") for all times material to this complaint was a business corporation organized under the laws of the State of New Hampshire, had its principal place of business at 10-12 Delaware Dr., Unit # 8, Salem, New Hampshire

03079, and transacted business in the Commonwealth of Massachusetts as a registered foreign corporation having substantial, continuous and systematic general business contacts with the Commonwealth of Massachusetts.

9. The defendant American Safety Risk Retention Group, Inc. ("Risk Retention") is a foreign business corporation organized under the laws of State of Vermont with its principal place of business at 1845 The Exchange, Atlanta, Georgia 30339, doing business in the Commonwealth of Massachusetts as a risk retention group as defined by 15 U.S.C. § 3901 and Mass. Gen. Laws ch. 176L, § 1, involved in the provision of insurance in the Commonwealth of Massachusetts, and concerning risks at the time of contracting within the Commonwealth of Massachusetts, and having substantial, continuous and systematic general business contacts with the Commonwealth of Massachusetts.

## JURISDICTION

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a) because of the diversity of citizenship of the parties involving matters in controversy with respect to each plaintiff and/or with respect to the common, undivided and joint interest of several of the plaintiffs in excess of $75,000 exclusive of interest and costs.

11. This Court has personal jurisdiction over the defendants pursuant to Fed. R. Civ. P. 4(h) and 4(k) and Massachusetts General Laws ch. 176L, § 3; ch. 223A, § 3, and ch. 156D, §§ 15.01, 15.10, 17.03.

## FACTUAL ALLEGATIONS

### A. The Risk Retention CGL Insurance Policy

12. Risk Retention issued a written contract of commercial general liability ("CGL") insurance numbered ASC 97-349-002 (the "CGL Policy"), naming "Architectural Deleading, Inc." as the named insured for the policy period April 15, 1999, to April 15, 2000.

13. A true copy of the CGL Policy with the applicable endorsements is attached as Exhibit 1.

14. Risk Retention in the CGL Policy promised to "pay those sums that the insured [ADI] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'occurrence' that takes place in the 'coverage territory' . . . during the policy period."

Although the CGL Policy excludes "bodily injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement,"

> This exclusion does not apply to liability for damages:
> (1) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

The definitions included in Section V of the policy state, in turn, that:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

> "Coverage territory" means . . . The United States of America . . . .

> "Insured contract" means: . . .
> f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

4

B. The Contract

15. On July 29, 1997, ADI entered into a written contract (the "Contract") with Wunschel as trustee of the Realty Trust to perform services and furnish materials with respect to their apartment building located at 11 to 21 Sutton Street, Northbridge, Massachusetts ("the Sutton Street property").

16. A true copy of the Contract with attachments is attached as Exhibit 2.

17. As part of the proposed construction work ADI contracted to perform, the Contract required ADI to replace two exterior staircases on the Sutton Street property. See attachment to Contract, Ex. 2, at pp. 12, 14.

18. ADI promised in paragraph 13 of the Contract that:

> All permits and licenses necessary for the completion and execution of the work shall be secured and paid for by the contractor. If the contractor observes that the proposed construction is at variance with applicable laws, rules, ordinances, and/or regulations bearing on the conduct of the work, he shall promptly notify the owner in writing . . . . All work shall be performed in conformance with applicable local codes and requirements whether or not covered by Specifications and Drawings from the work.

Contract, Ex. 2 at para. 13.

19. In the Contract ADI also promised to "defend, indemnify and hold harmless the owner from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from contractor's operations under this contract." See Contract, Ex. 2 at para. 6.

20. ADI did not obtain relevant building permits, if any, before performing the work under the Contract, and never notified Wunschel or the Realty Trust that proposed construction was at variance with any applicable laws, rules, ordinances or regulations bearing on the conduct of ADI's work.

### C. The Ellis Action

21. On or about December 6, 2000, Kerri Ellis as administratrix of the estate of Susan E. Castell commenced a civil action against Wunschel and the Realty Trust in the Worcester Division of the Massachusetts Superior Court Department, captioned <u>Kerri A. Ellis, Administratrix of the Estate of Susan E. Castell v. 344 Providence Rd. Realty Trust and Richard J. Wunschel</u>, Civil Action No. 00-2384 ("Ellis Action").

22. Nautilus provided a defense to Wunschel and the Realty Trust of the Ellis Action in accordance with its insurance contract with the Realty Trust having an occurrence limit of $500,000, and has incurred and will incur attorneys' fees, costs and expenses in defense of the Ellis Action, and may incur further liability in defense of the Ellis Action in accordance with that contract, and accordingly is subrogated to the rights of Wunschel and the Realty Trust under their indemnity Contract with ADI.

23. Nautilus has incurred over $76,500 in attorneys' fees alone to defend Wunschel and the Realty Trust in the Ellis Action through August 31, 2004.

24. By amended complaint ADI was joined as a defendant in the Ellis Action on March 28, 2003.

25. A true copy of the amended complaint in the Ellis Action is attached at Exhibit 3.

26. The plaintiff in the Ellis Action contends that the negligence of ADI, Wunschel and/or the Realty Trust caused the death of Susan Castell, a tenant of the Sutton Street Property, in a fire on March 15, 2000.

27. The plaintiff in the Ellis Action contends that the Sutton Street property did not comply with the Massachusetts State Building Code because it did not have proper means of egress, and

that the lack of proper egress caused the decedent to become trapped by the fire and die of smoke inhalation.

28. The plaintiff in the Ellis Action, relying on the opinions of Norton Remmer and Richard Trifero, contends that the work performed by ADI required a building permit; that if a building permit application had been made, the building inspector would have required the building to be brought up to code, including requiring two remote means of egress; and the decedent would have been able to escape the fire.

29. The exterior stairway replacement work performed by ADI at the Sutton Street property included work on an egress that the decedent would have had to have used to escape the fire.

30. The plaintiff in the Ellis Action has made a demand for settlement of $ 4 million.

31. On information and belief, Risk Retention has provided ADI with a defense of the Ellis Action pursuant to its CGL Policy.

### D.    The Dispute With Risk Retention

32. On or about May 2, 2003, Wunschel and the Realty Trust filed a cross-claim against ADI in the Ellis Action seeking, among other relief, indemnification for any judgment recovered by the plaintiff against them and for attorney's fees, costs and expenses incurred in connection with the Ellis Action.

33. ADI answered the cross-claim in the Ellis Action on or about September 3, 2003, denying Wunschel's and the Realty Trust's allegations.

34. On information and belief, Risk Retention has provided ADI with a defense of the cross claim in the Ellis Action pursuant to its CGL policy.

35. Apart from the cross-claim in the Ellis Action, by letter dated September 25, 2003 (a true copy of which, without enclosure, is attached as Exhibit 4; the enclosure already appears at Exhibit 2 to this complaint), Wunschel and the Realty Trust made a written claim upon ADI that indemnity and defense be provided in the Ellis Action pursuant to the Contract.

36. Although ADI did not make a written response directly to the September 25, 2003, letter, it presented the claim to Risk Retention and Risk Retention responded by letter of December 4, 2003 (a true copy of which is attached as Exhibit 5), declining the claim for indemnity and defense.

37. Wunschel and the Trust by letter dated June 25, 2004 (a true copy of which is attached as Exhibit 6) demonstrated to Risk Retention, among other things, that ADI's liability to Wunschel and the Realty Trust with respect to the Ellis Action is clear under the Contract, that the Contract is an "Insured Contract" under the CGL Policy, that coverage for Wunschel's and the Realty Trust's claim against the CGL Policy coverage is clear, and that Risk Retention's conduct with respect to the handling of this claim constituted an unfair or deceptive business practice pursuant to Massachusetts General Laws ch. 93A.

38. Risk Retention, by letter dated August 17, 2004, (a true copy of which, without enclosure, is attached as Exhibit 7; the enclosures already appear at Exhibits 4 and 5 to this complaint) again declined Wunschel's and the Realty Trust's claim but offered no explanation as to why ADI's liability to Wunschel and/or the Realty Trust was not reasonably clear under the Contract, or why the Contract was not an Insured Contract under the CGL Policy. Instead it claimed that the Insured Contract provisions of the CGL Policy were "irrelevant" to Wunschel's and the Realty Trust's claim because Wunschel and the Realty Trust were not additional insureds under the CGL Policy.

39.   On information and belief, Risk Retention has knowingly or intentionally engaged in unfair or deceptive acts or practices in trade or business including unfair claim settlement practices in the business of insurance. These unfair or deceptive acts or practices include but are not limited to Risk Retention's failure to effectuate a prompt, fair and equitable settlement of the Wunschel's and the Realty Trust's claim where liability on their claim under the CGL Policy has become reasonably clear, failing to acknowledge and act reasonably promptly upon communications with respect to their claim that arises under the CGL Policy, refusing to pay their claim without conducting a reasonable investigation based upon all available information, failing to affirm or deny coverage within a reasonable time; failing to settle their claim promptly, where liability has become reasonably clear, under one portion of the CGL Policy coverage in order to influence settlement under other portions of the CGL Policy coverage; and/or failing to provide promptly a reasonable explanation of the basis in the CGL Policy in relation to the facts or applicable law for denial of their claim.

## STATEMENT OF THE CLAIMS

### COUNT I

40.   The allegations contained in paragraphs 1 through 39 are incorporated by reference as if fully and completely set forth herein.

41.   An actual and justiciable controversy exists between the plaintiffs Wunschel, the Realty Trust and Nautilus and the defendants Risk Retention and ADI as to whether or not coverage is afforded by the CGL Policy by virtue of ADI's agreement under the Contract to indemnify Wunschel and/or the Realty Trust and whether or not ADI's liability to Wunschel and/or the Realty Trust under the Contract for the attorneys' fees, expenses, costs and potential liability of Wunschel and/or the Realty Trust with respect to the Ellis Action is reasonably clear.

42. Wunschel, the Realty Trust, and Nautilus have standing to bring this declaratory judgment action.

43. All necessary parties have been joined in this action.

44. The controversy that exists between Risk Retention, ADI, Wunschel, the Realty Trust, and Nautilus limits the rights of the plaintiffs such that the plaintiffs will suffer irreparable harm if the controversy concerning coverage is not determined prior to the trial of the Ellis Action.

## COUNT II

45. The allegations contained in paragraphs 1 through 44 are incorporated by reference as if fully and completely set forth herein.

46. At all material times to this complaint, the plaintiffs and defendants were persons who engaged in the conduct of trade or commerce with the meaning of Massachusetts General Laws ch. 93A.

47. At all material times to this complaint, Risk Retention was engaged in the business of insurance and claims handling and settlement practices with respect to a Massachusetts claim and/or with respect to a risk in Massachusetts at the time of contracting for the CGL Policy primarily and substantially within the Commonwealth of Massachusetts within the meaning of Massachusetts General Laws ch. 93A and/or knew that such conduct would cause and/or was intended to cause injury primarily and substantially within the Commonwealth of Massachusetts.

48. The conduct of Risk Retention violates Massachusetts General Laws ch. 176D and fair and reasonable industry customs and/or trade practices and/or the implied covenant of good faith and fair dealing and is an unfair or deceptive act or practice in violation of Massachusetts General Laws ch. 93A.

49. Risk Retention's unfair or deceptive acts or practices have caused the plaintiffs substantial damage or loss including but not limited to loss of money for attorneys' fees, expenses and costs in defending the Ellis Action and in prosecuting the instant action.

50. The improper conduct of Risk Retention constitutes one or more unfair or deceptive acts or practices in a willful and/or knowing violation of Massachusetts General Laws ch. 93A.

51. WHEREFORE, the plaintiffs respectfully request:

    a. That the Court adjudicate the controversy that has arisen among the parties and make a binding declaration of the rights, duties and obligations of the parties;

    b. That the Court order and declare as follows:

        1. The ADI Contract dated on or about July 29, 1997, is an insured contract under the terms of the Risk Retention CGL Policy;

        2. The allegations and contentions of the plaintiff in the Ellis Action state or adumbrate a claim that arises out of the operations of ADI undertaken pursuant to the ADI Contract dated on or about July 29, 1997;

        3. Risk Retention must extend the coverage provided by its CGL Policy to the claim for payment of attorneys' fees, expenses and costs incurred or that will be incurred by the Realty Trust, Wunschel and Nautilus in defending the Ellis Action; and

        4. Risk Retention must extend the coverage provided by its CGL Policy to a judgment of liability, if any, imposed against the Realty Trust and/or Wunschel in the Ellis Action.

    c. That the Court award actual damages, and multiple damages of up to three times actual damages, plus costs, expenses and reasonable attorneys' fees to the plaintiffs; and

   d.  That the Court grant such other and further relief as the Court deems just and proper.

            Respectfully submitted,

            344 PROVIDENCE ROAD REALTY TRUST,
            RICHARD WUNSCHEL and
            NAUTILUS INSURANCE COMPANY

            By their attorneys,

            /s/ Scott A. Smith
            Scott A. Smith
            BBO No. 470180
            Matthew J. Walko
            BBO No. 562172
            Christina Schenk-Hargrove
            BBO No. 645164

            SMITH & DUGGAN LLP
            Two Center Plaza, Suite 620
            Boston, Massachusetts 02108-1906
            (617) 228-4400

Dated: September 29, 2004

JS 44 (Rev. 3/99)  CIVIL COVER SHEET  04-40197

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
344 Providence Road Realty Trust
Wunschel, Richard J.
Nautilus Insurance Company

**DEFENDANTS**
American Safety Risk Retention Group, Inc.
Architectural Deleading, Inc.

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Smith & Duggan LLP
Two Center Plaza, Suite 620
Boston, MA 02108-1906
(617) 228-4400

Attorneys (If Known)
Mabry & McClelland LLP     Morrison, Mahoney &
2200 Century Parkway, N.E.  Miller LLP
Atlanta, Georgia 30345     1500 Main St., St. 2400
(404) 325-0596             Springfield, MA 01115

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☒ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury— Med. Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §2201 - Plaintiffs seek declaration of rights of the parties under contract of
28 U.S.C. 1332    insurance and damages for unfair practices under M.G.L. c. 93A.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Judgment
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Richard Wunschel v. American Safety Risk Retention Group

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   __ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.                                                 **04-40197**

   __ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.    150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                           YES    NO   **X**

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                           YES  n  NO   **X**

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                           YES  n  NO   n

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                           YES  n  NO   **X**

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES  n     NO  **X**

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division  n          Central Division  n          Western Division  n

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division  n          Central Division  **X**      Western Division  n

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                           YES  n     NO  n

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Scott Smith, Smith & Duggan LLP
ADDRESS            Two Center Plaza, Suite 620, Boston Massachusetts 02108
TELEPHONE NO.      (617) 228-4400

(Coversheetlocal[1].wpd  - 10/17/02)