UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC., <br><br> Defendants | : : : : : : : : : : : : : : : : | CIVIL ACTION NO.:  04-40197-FDS |

## AMENDED COMPLAINT

INTRODUCTORY STATEMENT

1. This diversity jurisdiction action seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, damages for breach of contract, and damages for unfair or deceptive business practices pursuant to Massachusetts General Laws ch. 93A and ch. 176D. The plaintiffs 344 Providence Road Realty Trust ("Realty Trust"), Richard Wunschel ("Wunschel") and Nautilus Insurance Company ("Nautilus") seek a declaration as to whether Architectural Deleading, Inc., ("ADI") is required by contract to indemnify Richard Wunschel and/or the Realty Trust as a result of a claim arising from ADI's operations under the contract, and whether the indemnity contract is an insured contract within the meaning of a comprehensive general liability insurance policy ("CGL Policy") that ADI purchased from its insurer, American Safety Risk Retention Group, Inc. ("Risk Retention"), requiring Risk Retention to extend insurance coverage to the settlement amounts, attorneys' fees and expenses incurred by the Realty Trust, Wunschel and their subrogated insurer Nautilus.  The plaintiffs also seek damages

with respect to breach of the indemnity agreement and damages with respect to Risk Retention's unfair or deceptive business and/or insurance practices with respect to claims made against the CGL Policy's insured contract coverage.

## PARTIES

2. The plaintiff 366 Providence Road Realty Trust ("the Realty Trust") is organized under the laws of the Commonwealth of Massachusetts under a Declaration of Trust dated March 28, 1995, and recorded within the Worcester County registry of deeds, Book 16956, Page 43.

3. At all times material to this complaint, the Realty Trust owned the land and building located at 11 to 21 Sutton Street, Northbridge, Worcester County, Commonwealth of Massachusetts.

4. The plaintiff Richard Wunschel ("Wunschel") is an individual who is domiciled at 30 Lackey Dam Road, East Douglas, Worcester County, Commonwealth of Massachusetts 01516, and at all times material to this complaint was the trustee of the Realty Trust and one of its beneficiaries.

5. The plaintiff Nautilus Insurance Company ("Nautilus") is a business corporation organized and existing under the laws of the State of Arizona.

6. Nautilus has a principal place of business at 7273 East Butherus Drive, Scottsdale, Arizona 85260.

7. Nautilus is and has been duly authorized to transact business as a non-admitted insurance company or surplus lines carrier in the Commonwealth of Massachusetts for all times material to this complaint in accordance with the provisions of Massachusetts General Laws ch. 175, § 168.

8. The defendant Architectural Deleading, Inc., ("ADI") for all times material to this complaint was a business corporation organized under the laws of the State of New Hampshire,

had its principal place of business at 10-12 Delaware Dr., Unit # 8, Salem, New Hampshire 03079, and transacted business in the Commonwealth of Massachusetts as a registered foreign corporation having substantial, continuous and systematic general business contacts with the Commonwealth of Massachusetts.

9.      The defendant American Safety Risk Retention Group, Inc. ("Risk Retention") is a foreign business corporation organized under the laws of State of Vermont with its principal place of business at 1845 The Exchange, Atlanta, Georgia 30339, doing business in the Commonwealth of Massachusetts as a risk retention group as defined by 15 U.S.C. § 3901 and Mass. Gen. Laws ch. 176L, § 1, involved in the provision of insurance in the Commonwealth of Massachusetts, and concerning risks at the time of contracting within the Commonwealth of Massachusetts, and having substantial, continuous and systematic general business contacts with the Commonwealth of Massachusetts.

## JURISDICTION

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a) because of the diversity of citizenship of the parties involving matters in controversy with respect to each plaintiff and/or with respect to the common, undivided and joint interest of several of the plaintiffs in excess of $75,000 exclusive of interest and costs.

11.     This Court has personal jurisdiction over the defendants pursuant to Fed. R. Civ. P. 4(h) and 4(k) and Massachusetts General Laws ch. 176L, § 3; ch. 223A, § 3, and ch. 156D, §§ 15.01, 15.10, 17.03.

## FACTUAL ALLEGATIONS

### A.     The Risk Retention CGL Insurance Policy

12.     Risk Retention issued a written contract of commercial general liability ("CGL") insurance numbered ASC 97-349-002 (the "CGL Policy"), naming "Architectural Deleading, Inc." as the named insured for the policy period April 15, 1999, to April 15, 2000.

13.     A true copy of the CGL Policy with the applicable endorsements is attached as Exhibit 1.

14.     Risk Retention in the CGL Policy promised to "pay those sums that the insured [ADI] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'occurrence' that takes place in the 'coverage territory' . . . during the policy period."

Although the CGL Policy excludes "bodily injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement,"

> This exclusion does not apply to liability for damages:
> (1)     Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

The definitions included in Section V of the policy state, in turn, that:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> "Coverage territory" means . . . The United States of America . . . .
>
> "Insured contract" means: . . .
> f.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

B.  The Contract

15. On July 29, 1997, ADI entered into a written contract (the "Contract") with Wunschel as trustee of the Realty Trust to perform services and furnish materials with respect to the apartment building located at 11 to 21 Sutton Street, Northbridge, Massachusetts ("the Sutton Street property").

16. A true copy of the Contract with attachments is attached as Exhibit 2.

17. As part of the proposed construction work ADI contracted to perform, the Contract required ADI to replace two exterior staircases on the Sutton Street property.  See attachment to Contract, Ex. 2, at pp. 12, 14.

18. ADI promised in paragraph 13 of the Contract that:

> All permits and licenses necessary for the completion and execution of the work shall be secured and paid for by the contractor.  If the contractor observes that the proposed construction is at variance with applicable laws, rules, ordinances, and/or regulations bearing on the conduct of the work, he shall promptly notify the owner in writing . . . . All work shall be performed in conformance with applicable local codes and requirements whether or not covered by Specifications and Drawings from the work.

Contract, Ex. 2 at para. 13.

19. In the Contract ADI also promised to "defend, indemnify and hold harmless the owner from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from contractor's operations under this contract."  See Contract, Ex. 2 at para. 6.

20. ADI did not obtain relevant building permits, if any, before performing the work under the Contract, and never notified Wunschel or the Realty Trust that proposed construction was at variance with any applicable laws, rules, ordinances or regulations bearing on the conduct of ADI's work.

### C.  The Ellis Action

21.  On or about December 6, 2000, Kerri Ellis as administratrix of the estate of Susan E. Castell commenced a civil action against Wunschel and the Realty Trust in the Worcester Division of the Massachusetts Superior Court Department, captioned <u>Kerri A. Ellis, Administratrix of the Estate of Susan E. Castell v. 344 Providence Rd. Realty Trust and Richard J. Wunschel</u>, Civil Action No. 00-2384 ("Ellis Action").

22.  Nautilus provided a defense to Wunschel and the Realty Trust of the Ellis Action in accordance with its insurance contract with the Realty Trust having an occurrence limit of $500,000, and incurred attorneys' fees, costs and expenses in defense of the Ellis Action, and accordingly is subrogated to the rights of Wunschel and the Realty Trust under their indemnity Contract with ADI.

23.  Nautilus incurred over $ 76,500 in attorneys' fees alone to defend Wunschel and the Realty Trust in the Ellis Action through August 31, 2004.

24.  By amended complaint ADI was joined as a defendant in the Ellis Action on March 28, 2003.  The claim against ADI in the amended complaint was captioned as one for breach of contract.  ADI served its answer to the amended complaint on July 18, 2003.

25.  By a second amended complaint, the plaintiff in the Ellis Action added negligence claims against ADI on January 8, 2004.  ADI served its answer to the second amended complaint on January 18, 2004.

26.  A true copy of the second amended complaint in the Ellis Action is attached at Exhibit 3.

27.  The plaintiff in the Ellis Action contended that the negligence of ADI, Wunschel and/or the Realty Trust caused the death of Susan Castell, a tenant of the Sutton Street Property, in a fire on March 15, 2000.

28.     The plaintiff in the Ellis Action contended that the Sutton Street property did not comply with the Massachusetts State Building Code because it did not have proper means of egress, and that the lack of proper egress caused the decedent to become trapped by the fire and die of smoke inhalation.

29.     The plaintiff in the Ellis Action, relying on the opinions of Norton Remmer and Richard Trifero, contended that the work performed by ADI required a building permit; that if a building permit application had been made, the building inspector would have required the building to be brought up to code, including requiring two remote means of egress; and the decedent would have been able to escape the fire.

30.     The exterior stairway replacement work performed by ADI at the Sutton Street property included work on an egress that the decedent would have had to have used to escape the fire.

31.     On information and belief, Risk Retention has provided ADI with a defense of the Ellis Action pursuant to its CGL Policy.

32.     On October 27, 2004, as the result of a mediation at which all relevant parties participated, the plaintiff in the Ellis Action agreed to dismiss her claims in exchange for a total payment by Risk Retention and Nautilus of $600,000.00 divided equally at $300,000 each and the plaintiff's execution of a release and stipulation of dismissal with respect to her claims ("Settlement Agreement").  The amount agreed to be paid by Nautilus on behalf of Wunschel and the Realty Trust to settle the claims of the plaintiff in the Ellis Action is fair and reasonable under the circumstances.  The Settlement Agreement did not resolve the claims between ADI and Risk Retention and Wunschel, the Realty Trust, and Nautilus.

D. The Dispute With Risk Retention

33. On or about May 2, 2003, Wunschel and the Realty Trust had filed a cross-claim against ADI in the Ellis Action seeking, among other relief, indemnification for any judgment recovered by the plaintiff against them and for attorney's fees, costs and expenses incurred in connection with the Ellis Action. On or about January 27, 2004, as part of their answer to the second amended complaint of the plaintiff in the Ellis Action, Wunschel and the Realty Trust re-stated their cross-claim against ADI.

34. ADI answered the cross-claim in the Ellis Action on or about September 3, 2003, denying Wunschel's and the Realty Trust's allegations. ADI did not separately respond to the January 27, 2004, cross-claim.

35. On information and belief, Risk Retention has provided ADI with a defense of the cross claim in the Ellis Action pursuant to its CGL policy.

36. Apart from the cross-claim in the Ellis Action, by letter dated September 25, 2003 (a true copy of which, without enclosure, is attached as Exhibit 4; the enclosure already appears at Exhibit 2 to this complaint), Wunschel and the Realty Trust made a written claim upon ADI that indemnity and defense be provided in the Ellis Action pursuant to the Contract.

37. Although ADI did not make a written response directly to the September 25, 2003, letter, it presented the claim to Risk Retention and Risk Retention responded by letter of December 4, 2003 (a true copy of which is attached as Exhibit 5), declining the claim for indemnity and defense.

38. Wunschel and the Trust by letter dated June 25, 2004 (a true copy of which is attached as Exhibit 6) demonstrated to Risk Retention, among other things, that ADI's liability to Wunschel and the Realty Trust with respect to the Ellis Action is clear under the Contract, that the Contract

is an "Insured Contract" under the CGL Policy, that coverage for Wunschel's and the Realty Trust's claim against the CGL Policy coverage is clear, and that Risk Retention's conduct with respect to the handling of this claim constituted an unfair or deceptive business practice pursuant to Massachusetts General Laws ch. 93A.

39. Risk Retention, by letter dated August 17, 2004, (a true copy of which, without enclosure, is attached as Exhibit 7; the enclosures already appear at Exhibits 4 and 5 to this complaint) again declined Wunschel's and the Realty Trust's claim but offered no explanation as to why ADI's liability to Wunschel and/or the Realty Trust was not reasonably clear under the Contract, or why the Contract was not an Insured Contract under the CGL Policy. Instead it claimed that the Insured Contract provisions of the CGL Policy were "irrelevant" to Wunschel's and the Realty Trust's claim because Wunschel and the Realty Trust were not additional insureds under the CGL Policy.

40. On information and belief, Risk Retention has knowingly or intentionally engaged in unfair or deceptive acts or practices in trade or business including unfair claim settlement practices in the business of insurance. These unfair or deceptive acts or practices include but are not limited to Risk Retention's failure to effectuate a prompt, fair and equitable settlement of the Wunschel's and the Realty Trust's claim where liability on their claim under the CGL Policy has become reasonably clear, failing to acknowledge and act reasonably promptly upon communications with respect to their claim that arises under the CGL Policy, refusing to pay their claim without conducting a reasonable investigation based upon all available information, failing to affirm or deny coverage within a reasonable time; failing to settle their claim promptly, where liability has become reasonably clear, under one portion of the CGL Policy coverage in order to influence settlement under other portions of the CGL Policy coverage; and/or failing to

provide promptly a reasonable explanation of the basis in the CGL Policy in relation to the facts or applicable law for denial of their claim.

## STATEMENT OF THE CLAIMS

### COUNT I

41. The allegations contained in paragraphs 1 through 40 are incorporated by reference as if fully and completely set forth herein.

42. An actual and justiciable controversy exists between the plaintiffs Wunschel, the Realty Trust and Nautilus and the defendants Risk Retention and ADI as to:

    a. Whether or not ADI is obligated by the Contract to indemnify Wunschel and/or the Realty Trust for the attorneys' fees, expenses, costs and liability imposed upon Wunschel and/or the Realty Trust with respect to the Ellis Action;

    b. Whether or not coverage is afforded by the CGL Policy by virtue of ADI's agreement under the Contract to indemnify Wunschel and/or the Realty Trust; and

    c. Whether or not ADI's liability to Wunschel and/or the Realty Trust under the Contract for the attorneys' fees, expenses, costs and liability of Wunschel and/or the Realty Trust with respect to the Ellis Action is reasonably clear.

43. Wunschel, the Realty Trust, and Nautilus have standing to bring this declaratory judgment action.

44. All necessary parties have been joined in this action.

### COUNT II

45. The allegations contained in paragraphs 1 through 44 are incorporated by reference as if fully and completely set forth herein.

46. ADI failed to perform its obligations and breached the Contact.

10

47.     As a result of ADI's breach of the Contract, Wunschel, the Realty Trust, and/or their subrogated insurer Nautilus suffered pecuniary damages of $300,000 for the cost of the settlement of the Ellis Action, and over $76,500.00 in attorneys' fees, and other fees and expenses for the defense of the Ellis Action.

## COUNT III

48.     The allegations contained in paragraphs 1 through 47 are incorporated by reference as if fully and completely set forth herein.

49.     At all material times to this complaint, the plaintiffs and defendants were persons who engaged in the conduct of trade or commerce with the meaning of Massachusetts General Laws ch. 93A.

50.     At all material times to this complaint, Risk Retention was engaged in the business of insurance and claims handling and settlement practices with respect to a Massachusetts claim and/or with respect to a risk in Massachusetts at the time of contracting for the CGL Policy primarily and substantially within the Commonwealth of Massachusetts within the meaning of Massachusetts General Laws ch. 93A and/or knew that such conduct would cause and/or was intended to cause injury primarily and substantially within the Commonwealth of Massachusetts.

51.     The conduct of Risk Retention violates Massachusetts General Laws ch. 176D and fair and reasonable industry customs and/or trade practices and/or the implied covenant of good faith and fair dealing and is an unfair or deceptive act or practice in violation of Massachusetts General Laws ch. 93A.

52.     Risk Retention's unfair or deceptive acts or practices have caused the plaintiffs substantial damage or loss including but not limited to loss of money for attorneys' fees,

expenses and costs in defending and settling the Ellis Action and in prosecuting the instant action.

53. The improper conduct of Risk Retention constitutes one or more unfair or deceptive acts or practices in a willful and/or knowing violation of Massachusetts General Laws ch. 93A.

54. WHEREFORE, the plaintiffs respectfully request:

    a. That the Court adjudicate the controversy that has arisen among the parties and make a binding declaration of the rights, duties and obligations of the parties;

    b. That the Court order and declare as follows:

        1. ADI is obligated under the Contract to indemnify Wunschel and/or the Realty Trust for the attorneys' fees, expenses, costs and settlement incurred by Wunschel, the Realty Trust and/or their subrogated insurer Nautilus with respect to the Ellis Action.

        2. The ADI Contract dated on or about July 29, 1997, is an insured contract under the terms of the Risk Retention CGL Policy;

        3. The allegations and contentions of the plaintiff in the Ellis Action state or adumbrate a claim that arises out of the operations of ADI undertaken pursuant to the ADI Contract dated on or about July 29, 1997;

        4. Risk Retention must extend the coverage provided by its CGL Policy to the claim for payment of attorneys' fees, settlement amounts, expenses and costs incurred or that will be incurred by the Realty Trust, Wunschel and Nautilus in defending and settling the Ellis Action; and

        5. Risk Retention must extend the coverage provided by its CGL Policy to amounts paid or promised to be paid in the settlement of the claims asserted against the Realty Trust and/or Wunschel in the Ellis Action.

c. That the Court award damages for the economic loss, including attorneys' fees, settlement amount, expenses and costs, incurred by Wunschel, the Realty Trust, and/or their subrogated insurer Nautilus as a result of ADI's breach of Contract;

d. That the Court award actual damages, and multiple damages of up to three times actual damages, plus costs, expenses and reasonable attorneys' fees to the plaintiffs; and

e. That the Court grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

344 PROVIDENCE ROAD REALTY TRUST,
RICHARD WUNSCHEL and
NAUTILUS INSURANCE COMPANY

By their attorneys,


   /s/ Christina Schenk-Hargrove
Scott A. Smith
BBO No. 470180
Matthew J. Walko
BBO No. 562172
Christina Schenk-Hargrove
BBO No. 645164

SMITH & DUGGAN LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated: November 12, 2004