COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                          SUPERIOR COURT DEPARTMENT
                                        CA NO. 00-2384

---

KERRI A. ELLIS,
ADMINISTRATRIX OF THE
ESTATE OF SUSAN E. CASTELL,
    Plaintiff,

v.

344 PROVIDENCE RD. REALTY
TRUST, RICHARD J. WUNSCHEL
and ARCHITECTURAL DELEADING, INC.
    Defendants.

---

SECOND
AMENDED COMPLAINT AND
JURY DEMAND

1.    Plaintiff, Kerri A. Ellis    resident of Grafton, MA, is the duly appointed Administratrix of the decedent, Susan E. Castell, who died on March 15, 2000 in a fire at her apartment at Sutton Street, Northbridge, MA.

2.    Defendant, 344 Providence Rd. Realty Trust, is a business entity with a place of business in Douglas, MA.  It owns property at 11-21 Sutton St., Northbridge, MA.

3.    Defendant, Richard J. Wunschel, is a resident of Sutton, MA.  He is the Trustee of the 344 Providence Rd. Realty Trust.

4.    Defendant Architectural Deleading, Inc. is a New Hampshire Corporation with a principal place of business in Salem, NH.  Upon information and belief, it is a licensed lead paint removal contractor in the Commonwealth of Massachusetts.

5.    In 1997, the property at 11-21 Sutton Street, Northbridge, MA was inspected and was found to contain lead paint.

6.    On or about July 29, 1997, defendant Richard Wunschel contracted with defendant Architectural Deleading, Inc. to abate the lead at 11-21 Sutton Street, Northbridge, MA.

7.    Pursuant to the contract, defendant Architectural Deleading, Inc. contracted to perform the work "in the most sound workmanlike substantial manner, and all materials used in the construction, rehabilitation, renovating, remodeling and improving, shall be new."

8.    Pursuant to the contract, defendant Architectural Deleading, Inc. agreed that "All permits and licenses necessary for the completion and execution of the work shall be secured and paid for by the contractor."

9.    Pursuant to the contract, defendant Architectural Deleading, Inc. promised that "All work shall be performed in conformance with applicable local codes and requirements whether or not covered by Specifications and Drawings from the work."

10.    Defendant Architectural Deleading, Inc. rebuilt the exterior stairs and deck at 11-21 Sutton Street, Northbridge, MA.

11.    Defendant Architectural Deleading, Inc. did not obtain a Building Permit from the Town of Northbridge to rebuild the exterior stairs and deck as required by the Massachusetts Building Code, 0 CMR 100 et seq.

12.    Defendant 344 Providence Road Realty Trust, through its agents, servants and employees, did not obtain a Building Permit from the Town of Northbridge to rebuild the exterior stairs and deck as required by the Massachusetts Building Code, 380 CMR 100 et seq.

13.    On or about March 15, 2000, the decedent was a tenant on the property at 11-21 Sutton St., Northbridge, MA.

14.    On or about March 15, 2000, the premises at 11-21 Sutton Street, Northbridge, MA were destroyed by fire.

15.    On or about March 15, 2000, decedent Susan Castell died as a result of smoke and soot inhalation.  She also suffered burns to her body.

COUNT I- NEGLIGENCE
(Ellis v. Wunschel and 344 Providence Road Realty Trust)

16.    Plaintiff repeats and realleges paragraphs 1-15 as if expressly rewritten and set forth herein.

17.    Defendants had a duty to keep the premises at 11-21 Sutton Street, Northbridge, MA in a safe condition for those lawfully on the premises.

18.    Defendants breached the duty to keep the premises in a safe condition for decedent Susan E. Castell.

19.    As a result of the negligence of the Defendants, Plaintiff's decedent suffered serious injuries and died.

        WHEREFORE, Plaintiff demands judgment against the Defendants plus interest and costs.

COUNT II- CONSCIOUS PAIN AND SUFFERING
(Ellis v. 344 Providence Road Realty Trust and Wunschel)

20.    Plaintiff repeats and realleges paragraphs 1-19 as if expressly rewritten and set forth herein.

2      .   a result of the negligence of the Defenda     , Plaintiff's decedent suffered consciously and experienced great pain of body and mind prior to death.

        WHEREFORE, Plaintiff demands judgment against the Defendants plus interest and costs.

COUNT III- WRONGFUL DEATH
(Ellis v. 344 Providence Road Realty Trust and Wunschel)

22.    Plaintiff repeats and realleges paragraphs 1-21 as if expressly rewritten and set forth herein.

23.    Plaintiff's decedent is survived by statutory beneficiaries pursuant to G.L. c. 229 §§1 and 2.

24.    As a result of the negligence of the Defendants, the statutory beneficiaries were deprived of the care, comfort, support, society and consortium of the decedent.

WHEREFORE, Plaintiff demands judgment against the Defendants plus interest and costs.

COUNT IV- GROSS NEGLIGENCE
(Ellis v. 344 Providence Road Realty Trust and Wunschel)

25.    Plaintiff repeats and realleges paragraphs 1-24 as if expressly rewritten and set forth herein.

26.    On March 15, 2000, the defendants failed to keep the property in a safe condition.  Decedent was unable to escape the property after the fire began and died.

27.    Defendants knew or should have known that the inadequate means of egress from the premises at 11-21 Sutton Street, Northbridge, MA were a danger in the event of a fire.

28.    Defendants knew or should have known that the means of egress at 11-21 Sutton Street, Northbridge, MA did not comply with the Massachusetts Building Code.

29.    The conduct of the defendants involved a high degree of likelihood that substantial harm would result to the plaintiff's decedent.

30.    The gross negligence of the defendants was a proximate cause of the decedent's death.

WHEREFORE, Plaintiff demands judgment against the Defendants plus interest, costs and punitive damages to the extent allowed by law.

COUNT V - VIOLATION OF G.L. c. 186, §19
(Ellis v. 344 Providence Road Realty Trust and Wunschel)

31.    Plaintiff repeats and realleges paragraphs 1-30 as if expressly rewritten and set forth herein.

32.    Decedent Susan Castell was a tenant lawfully on the property on or about March 15, 2000.

33.    Defendants 344 Providence Road Realty Trust and Richard Wunschel had a duty pursuant to G.L. c. 186, §19 to correct an unsafe condition in the common area of the property at 11-21 Sutton Street, Northbridge, MA., i.e. the lack of two separate means of egress to the grade.

34.    Defendants 344 Providence Road Realty Trust and Richard Wunschel breached their duty to correct the unsafe condition in the common area of the property.

35.    As a result of the defendants' violation of G.L. c. 186, §119, plaintiff's decedent died and suffered consciously from burns and smoke and soot inhalation prior to her death.

WHEREFORE, plaintiff demands judgment against the defendants plus interest and costs.

COUNT VI - VIOLATION OF GENERAL LAWS c. 143, §51
(Ellis v. 344 Providence Road Realty Trust and Wunschel)

36.    Plaintiff repeats and realleges paragraphs 1-35 as if expressly rewritten and set forth herein.

37.    Defendants 344 Providence Road Realty Trust and Richard Wunschel were in control of the property at 11-21 Sutton Street, Northbridge, MA on or about March 15, 2000.

38.    Pursuant to G.L. c. 143, §51, defendants had a duty to comply with the provisions of the Massachusetts Building Code, 780 CMR 100 et. seq.

39.    Defendants 344 Providence Road Realty Trust and Richard Wunschel breached their duty in that they failed to provide two separate means of egress to the grade in violation of 780 CMR 819.1.1 et. alia.

40.    As a result of the defendants' violation of G.L. c. 143, §51, plaintiff's decedent died and suffered consciously from burns and smoke and soot inhalation prior to her death.

WHEREFORE, plaintiff demands judgment against the defendant plus interest and costs.

COUNT VII
(Ellis v. Architectural Deleading, Inc.)

41.    Plaintiff repeats and realleges paragraphs 1-40 above and additional as set forth herein.

42.    The contract between defendants Richard Wunschel and Architectural Deleading, Inc. called for the deleading of the property at 11-21 Sutton

Street, Northbridge, MA to be done in a manner which complied with all applicable Codes, including the Massachusetts Building Code.

43.    Decedent Susan E. Castell was a third party beneficiary of the contract between Richard Wunschel and Architectural Deleading, Inc.

44.    Defendant Architectural Deleading, Inc. failed to comply with the Building Code when it replaced the exterior deck and stairs in 1997.

45.    The failure of Architectural Deleading, Inc. to comply with the Building Code was a breach of the contract.

46.    As a result of the defendant Architectural Deleading, Inc.'s breach of contract, decedent Susan E. Castell was injured and died.

47.    The defendant, Architectural Deleading, Inc., failed to obtain a Building Permit and failed to comply with the Building Code.

48.    The actions of the defendant, Architectural Deleading, Inc., are a violation of G.L. c. 143, §51.

49.    The actions of the defendant, Architectural Deleading, Inc., are a violation of G.L. c. 186, §119.

50.    The actions of the defendant, Architectural Deleading, Inc. are negligent, which caused the plaintiff's decedent to suffer injuries and ultimately her death.

51.    This is an action against Architectural Deleading, Inc. for the wrongful death of Susan E. Castell.

52.    As a result of the defendant, Architectural Deleading, Inc.'s violation of its obligations, the plaintiff's decedent suffered injuries, including utimately her death.

PRECLUSION OF DEFENSE

53.    Pursuant to G.L. c. 186, §15E, defendants are precluded from raising as a defense any claim that the defective and dangerous condition of the exterior deck and staircases which, among other things, did not provide two separate means of access to two separate locations at grade either before or at the time of deleading, because the defective and dangerous condition of the property violated the provisions of the Massachusetts Building Code, 780 CMR 100 et. seq.

WHEREFORE, the Plaintiff in addition to the demands above, requests the following:

a.     Judgment enter, plus interest and costs against the defendants jointly and severally.

b.     Judgment enter pursuant to the wrongful death statute and otherwise against the defendants jointly and/or severally.

c.     The Court award any other relief available to the plaintiff.

Plaintiff demands a trial by jury.

Respectfully submitted,
Keri A. Ellis, Administratix of the Estate
of Susan E. Castell
By her Attorney,

Stephen Gordon, Esq.
500 Main Street, Suite 535
Worcester, MA 01608
(508, 755-1050
BBO #203620

CERTIFICATE OF SRVICE

I, Stephen Gordon, Esq/, hereby certify that on this _8_ 7h day of January, 2004, I served a copy of the above Second Amended Complaint and Jury Demand by mailing first class, postage prepaid to:

Scott Smith, Esq.                Carol C'Miel, Esq.
Smith & Duggan                   Morrison Mahoney & Miller
Two Center Plaza                 1500 Main Street
Boston, MA  02108                Springfield, MA  01115


_____
Stephen Gordon, Esq.
Stephen Gordon & Associates
500 Main Street, Suite 535
Worcester, MA  01608
(508) 755-1050
BBO 203620