# MABRY & McCLELLAND LLP

E. SPEER MABRY, III
WALTER B. McCLELLAND
LAWRENCE J. HOGAN
REX D. SMITH
JAMES T. BUDD
ROBERT M. DARROCH, also FL
C. GREGORY RAGSDALE
RICHARD H. HILL, JR.
J. GREGORY GODSEY
NATHAN W. KOTAS
BRIAN W. SPRINKLE
STEPHANIE E. FEINGOLD
DERIC J. BEAUDOIN
ALISHA BASSEEN THOMPSON
ALLEN REED HORSLEY
BRANDON T. GRINSTED
J. CLAYTON CHESHIRE
JOSEPH J. DINARDO*
*Registered Patent Attorney, USPTO
HEATHER C. WRIGHT
JAMES M. ROTH, also AL
REBECCA S. ADAMS

ATTORNEYS AT LAW
2200 CENTURY PARKWAY, N.E.
TENTH FLOOR
ATLANTA, GEORGIA 30345
404-325-4800
FACSIMILE: 404-325-0596

www.m-mlegal.com

OF COUNSEL:

WILBUR C. BROOKS
H. A. STEPHENS

Writers Direct Dial:
(404) 248-2866 - RMD
(678) 365-4007 - BTG

E-MAIL:
rdarroch@m-mlegal.com
bgrinsted@m-mlegal.com

December 4, 2003

**VIA U.S. FIRST CLASS MAIL AND
VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
Two Center Plaza
Boston, MA 02108-1906

RE: <u>Kerri A. Ellis, Administratrix of the Estate of Susan Castell v. 344 Providence Road Realty Trust, et al.</u>
Superior Court, Commonwealth of Mass., CAFN 00-2384
Insured           : Architectural Deleading, Inc.
Claim No.         : ASC 99-349-004-02
Policy Period     : 4/15/99-4/15/00
Our File No.      : 504.370

Dear Mr. Smith:

We have been retained by American Safety Risk Retention Group (ASRRG) to evaluate the coverage issues raised in the above-referenced lawsuit currently pending in the Massachusetts Superior Court. On September 25, 2003, you demanded Architectural Deleading, Inc. (Architectural), through its insurer, to defend and/or indemnify 344 Providence Road Realty Trust and Richard Wunschel (collectively "the Trust). A brief summary of the facts follows:

On July 27, 1997, Architectural Deleading, Inc. (Architectural/"the insured") contracted with Richard Wunschel to perform lead abatement and remediation work in a two-story building located in Northbridge, Massachusetts. As part of its work, Architectural agreed to install doors and windows as well as replace the stairs and deck. Apparently, Architectural decided to replace the stair and deck in accordance with the

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
December 4, 2003
Page 2

---

previous floor-plan. As a result, there was only one way to exit the second-story apartments to the ground level.

On March 15, 2000, a fire occurred in the building and two individuals died. On of the deceased persons was Susan Castell. According to Ms. Castell's estate administratrix (Plaintiff), Ms. Castell attempted to exit the building via the stairway, but was prevented from doing so because of the heat, fire and smoke. Ms. Castell then returned to her apartment and eventually died of smoke inhalation and severe fire burns.

Ms. Castell's estate filed a complaint against Mr. Wunshcel (the owner), 344 Providence Rd. Realty Trust and Architectural for Ms. Castell's death. Plaintiff alleges the building was not constructed in accordance with applicable building codes because there was only one exit rather than the required two. The complaint is based on the following theories of recovery: 1) Negligence; 2) Conscious Pain and Suffering; 3) Wrongful Death; 4) Gross Negligence; and 5) Breach of Contract.

To evaluate the coverage issues, we examined correspondence, the pleadings and policy number ASC 99-349-004, policy period April 15, 2000 to April 15, 2001 issued by ASRRG to Architectural (the policy). Based on the available evidence, ASRRG is not in a position to participate in the defense and/or indemnification of the Trust for the following reasons:

On September 25, 2003, you demanded ASRRG to defend and/or indemnify the Trust pursuant to the terms of the contract between the Wunschel and Architectural. Specifically, you rely on the following provision:

> [Architectural Deleading] shall defend and hold harmless the owner from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from [Architectural Deleading's] operations under this contract.

The contract between Wunschel and Architectural does not affect ASRRG's duties owed to its insured. Those obligations are defined in the policy issued to Architectural and cannot be

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
December 4, 2003
Page 3

---

modified by an extraneous document without the express consent of both ASRRG and Architectural. Simply put, your clients are not entitled to coverage simply because Architectural agreed to indemnify and hold harmless Wunschel.

For coverage to apply in any case, the entity seeking such coverage must either be a named insured or an additional insured. The policy defines who an "insured" is in the following manner:

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to their duties as your managers.

    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
December 4, 2003
Page 4

---

    2.    Each of the following is also an insured:

        a.    Your employees, other than your executive officers (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

Architectural, as well as its "executive officers," directors and shareholders, are clearly insureds under the policy. However, the Trust does not appear on the Declarations page of the policy as a named insured. Furthermore, we have no information indicating your clients were employees, shareholders, or corporate officers of Architectural at any time. Therefore, the only way for coverage to apply to your clients is if the Trust is an additional insured.

There is nothing in the policy naming your clients as additional insureds. In fact, the policy does not contain any additional insured endorsement. Simply put, there is no indication, either express or implied, that ASRRG intended to confer insurance coverage to your clients. Without such evidence, your clients are not entitled to coverage.

Based on the information that we have at this time, ASRRG is not in a position to defend or indemnify the Trust in this case. However, if there are any other facts or law you would like for us to consider, please let us know and we would be happy to reconsider our position.

Nothing that ASRRG or its representatives have done to date nor any of the contents of this letter shall constitute an acknowledgment that there is or may be coverage and shall not constitute a waiver of ASRRG's right to insist upon full compliance with all of the terms and conditions contained in any policy. We will expect full compliance with each and every provision contained in any policy. This letter is simply to

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
December 4, 2003
Page 5

---

give the Trust notice of American Safety's decision with regard to potential coverage issues.

    Best regards.

        Very truly yours,

        MABRY & McCLELLAND LLP

        Robert M. Darroch

        Brandon T. Grinsted

RMD/BTG:bsk