# SMITH & DUGGAN LLP

## ATTORNEYS AT LAW

TWO CENTER PLAZA
SIXTH FLOOR
BOSTON, MA 02108-1906
TEL 617.228.4400
FAX 617.248.9320

SCOTT A. SMITH
SASMITH@SMITHDUGGAN.COM
BOSTON OFFICE

LINCOLN NORTH
55 OLD BEDFORD ROAD
LINCOLN, MA 01773-1125
TEL 617.228.4400
FAX 781.259.1112

June 25, 2004

*By Certified Mail, Return Receipt Requested
and First Class Mail*

Robert M. Darroch, Esq.
Brandon T. Grinsted, Esq.
Mabry & McClelland LLP
2200 Century Parkway, N.E.
10th Floor
Atlanta, GA 30345

Re:    *Kerri A. Ellis, Administratrix of the Estate of Susan Castell v.
344 Providence Road Realty Trust, Richard J. Wunschel,
and Architectural Deleading, Inc.*
Worcester Division of the Superior Court Department
Civil Action No. 00-2384

Dear Messrs. Darroch and Grinsted:

This is a formal demand letter sent pursuant to Massachusetts General Laws chapter 93A.

As you know, this firm represents 344 Providence Road Realty Trust ("the Trust") and Richard J. Wunschel, as trustee, defendants in the above-referenced civil action (collectively, "the Trust defendants"), through their insurer Nautilus Insurance Company ("Nautilus"). On September 25, 2003, the Trust defendants made a demand for defense and indemnification from co-defendant Architectural Deleading, through its insurer, pursuant to the express terms of the South Middlesex Opportunity Council, Inc., Gap Filler Lead Paint Abatement Program Contractor/Owner Deleading Agreement dated July 29, 1997, between Architectural Deleading and Mr. Wunschel ("the Agreement").1/ On December 4, 2003, the Trust defendants received a

---

1/    The Trust defendants' September 25, 2003, letter is attached to this letter as Exhibit 1.

SMITH & DUGGAN LLP

Robert M. Darroch, esq.
Brandon T. Grinsted, Esq.
June 25, 2004
Page 2

denial of their demand for defense and indemnification from your client American Safety Risk Retention Group, Inc. ("American Safety").2/

American Safety has willfully and knowingly engaged in unfair and deceptive practices by its wrongful failure to defend and indemnify the Trust defendants pursuant to the terms of commercial general liability insurance policy ASC 99-349-004 issued by American Safety to Architectural Deleading ("the policy") in violation of Massachusetts General Laws chapter 93A.

I.   **Factual Background**

On March 15, 2000, a fire occurred in a building then owned by the Trust defendants located at 11-21 Sutton Street, Northbridge, Massachusetts. The plaintiff in the referenced case, the administratrix of the estate of the decedent Susan Castell who died in the fire, alleges that the decedent's death resulted from the negligence of the Trust defendants and Architectural Deleading (collectively, "the defendants") in connection with the work done on the building by Architectural Deleading pursuant to the Agreement. More specifically, the plaintiff alleges that the defendants failed to comply with various Massachusetts State Building Code ("Code") requirements. According to the plaintiff, the alleged Code violations include, among others, the defendants' failure to secure building permits for the work performed on the building by Architectural Deleading pursuant to the Agreement. The plaintiff argues that if the defendants had secured the necessary building permits, the proper building inspection authorities would have been put on notice of the work to be performed on the building, and would, in turn, have learned that the building, according to the plaintiff, did not meet the Code requirements for means of egress. The plaintiff further alleges that the defendants would then have had to meet the Code requirements for means of egress, and, in so doing, would have provided the decedent with an alternative means of exiting her apartment at the time of the fire.

II.   **The Agreement**

As noted in the Trust defendants September 25, 2003, demand letter, paragraph 6 of the Agreement between the Trust defendants and Architectural Deleading requires Architectural Deleading to

---

2/      American Safety's December 4, 2003, letter is attached to this letter as Exhibit 2.

SMITH & DUGGAN LLP

Robert M. Darroch, esq.
Brandon T. Grinsted, Esq.
June 25, 2004
Page 3

> defend, indemnify and hold harmless the [Trust defendants] from
> liability and claim damages because of bodily injury, death,
> property damage, sickness, disease or loss and expenses arising
> from [Architectural Deleading's] operations under this contract.

The Agreement also states, in paragraph 13, that "[a]ll permits and licenses necessary for the completion and execution of the work shall be secured and paid for by the contractor" and, further, that "[a]ll work shall be performed in conformance with applicable local codes and requirements whether or not covered by Specifications and Drawings from the work."

**III.    American Safety's Position on the Limits of Coverage Provided by the Policy**

In its denial of the Trust defendants' demand for defense and indemnification, American Safety stated that for coverage to apply to the Trust defendants under the policy, the Trust defendants must be either named insureds or additional insureds. The Trust defendants agree that they are neither named insureds or additional insureds under the policy. American Safety also stated that the Agreement "does not affect [American Safety's] duties owed to its insured" and that "those obligations are defined in the policy issued to [Architectural Deleading] and cannot be modified by an extraneous document without the express consent of both [American Safety] and [Architectural Deleading]."

**IV.    The Policy Provides Coverage for Architectural Deleading's Defense and Indemnification Obligations Under the Agreement**

**COVERAGE A.        BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

. . .

**2.    Exclusions.**

This insurance does not apply to:

> b.    "Bodily injury" or "property damage" for
>        which the insured is obligated to pay
>        damages by reason of the assumption of
>        liability in a contract or agreement. This

SMITH & DUGGAN LLP

Robert M. Darroch, esq.
Brandon T. Grinsted, Esq.
June 25, 2004
Page 4

exclusion does not apply to liability for damages:

> (1) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; . . . .

The definitions included in Section V of the policy state, in turn, that

> 6. "Insured contract" means:
>
> . . .
>
> f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Therefore, the policy does extend coverage to an entity for which Architectural Deleading has assumed liability in an insured contract.

The Agreement between the Trust defendants and Architectural Deleading is an insured contract. Architectural Deleading, by agreeing to defend, indemnify and hold harmless the Trust defendants, assumed the tort liability of the Trust defendants. See Day v. Toman, 266 F.3d 831, 834-35 (8th Cir. 2001) (contract between owner and general contractor stating that contractor would indemnify owner "'against any and all losses, claims, demands, liabilities or causes of action . . . for which injury, illness or death arises out of or is incident to the work performed'" under the contract was an insured contract). See also Rowland H. Long, Law of Liability Insurance, § 10.05[2] (2004). "[I]n the CGL policy and other liability policies an 'assumed' liability is generally understood and interpreted by the courts to mean the liability of *another* which one 'assumes' in the sense that one agrees to indemnify or hold the other person harmless therefor." Id.

SMITH & DUGGAN LLP

Robert M. Darroch, esq.
Brandon T. Grinsted, Esq.
June 25, 2004
Page 5


The "insured contract" exception to the coverage exclusion "is intended to extend coverage to liabilities incurred as a consequence of an indemnity agreement." Gibson & Assoc., Inc., v. Home Ins. Co., 966 F. Supp. 468, 476 (N.D. Tex. 1997). Under the Agreement, Architectural Deleading agreed to defend and indemnify the Trust defendants for any injury or death arising from Architectural Deleading's operations under the Agreement. If, as alleged by the plaintiff, building permits were, in fact, required, securing those permits was the responsibility of Architectural Deleading, not the Trust defendants. Architectural Deleading's failure to comply with the Agreement triggers Architectural Deleading's obligation to defend and indemnify the Trust and Mr. Wunschel, where the decedent's death allegedly arose from Architectural Deleading's "operations under this contract." American Safety, in turn, pursuant to the terms of its policy with Architectural Deleading, is required to defend and indemnify the Trust defendants.


## V.    Conclusion

As a result of American Safety's refusal, as the insurer of Architectural Deleading, to defend and indemnify the Trust defendants, the Trust defendants have incurred and continue to incur substantial legal fees. The Trust defendants are also exposed to the possibility of a jury verdict against them for which, if it were to occur, the Trust defendants are entitled to be indemnified by Architectural Deleading and its insurer. The Trust defendants again demand that American Safety immediately provide the Trust defendants will a full defense in the referenced litigation, indemnify it, and pay for all costs and attorneys fees incurred by the Trust defendants to defend the referenced lawsuit. Continued refusal to do so constitutes willful and knowing conduct that is unfair and deceptive and violates Massachusetts General Laws chapter 93A. Be aware that Massachusetts law provides that American Safety can be liable for two or up to three times actual damages for its willful and knowing violation of chapter 93A, plus costs and reasonable attorneys' fees.

Very truly yours,

Scott A. Smith

cc:     Carol A. C'Miel, Esq.
        Henry J. Lane, Esq.

SMITH & DUGGAN LLP

Robert M. Darroch, esq.
Brandon T. Grinsted, Esq.
June 25, 2004
Page 6

bcc:    Richard E. Brody, Esq.
        Bonnie C. Leigh