# MABRY & McCLELLAND LLP

E. SPEER MABRY, III
WALTER B. McCLELLAND
LAWRENCE J. HOGAN
REX D. SMITH
JAMES T. BUDD
ROBERT M. DARROCH, also FL
C. GREGORY RAGSDALE
RICHARD H. HILL, JR.
J. GREGORY GODSEY
NATHAN W. KOTAS
BRIAN W. SPRINKLE
STEPHANIE E. FEINGOLD
DERIC J. BEAUDOIN
ALLEN REED HORSLEY
BRANDON T. GRINSTED
JOSEPH J. DINARDO*
*Registered Patent Attorney, USPTO
KYLER L. WISE, also AL
SAMANTHA R. JOHNSON
JAMES W. SCARBROUGH
SARAH E. TOLLISON
ARMAN M. DEGANIAN
CHRISTOPHER L. GHIRARDI

ATTORNEYS AT LAW
2200 CENTURY PARKWAY, N.E.
TENTH FLOOR
ATLANTA, GEORGIA 30345

404-325-4800
FACSIMILE: 404-325-0596

www.m-mlegal.com

OF COUNSEL:
WILBUR C. BROOKS
H. A. STEPHENS

Writers Direct Dial:
(404) 248-2866 - RMD
(678) 365-4007 - BTG

E-MAIL:
rdarroch@m-mlegal.com
bgrinsted@m-mlegal.com

August 17, 2004

**VIA U.S. FIRST CLASS MAIL AND**
**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
Two Center Plaza
Boston, MA 02108-1906

RE: Kerri A. Ellis, Administratrix of the Estate of Susan Castell v. 344 Providence Road Realty Trust, et al.
Superior Court, Commonwealth of Mass., CAFN 00-2384
Insured            : Architectural Deleading, Inc.
Claim No.          : ASC 99-349-004-02
Policy Period      : 4/15/99-4/15/00
Our File No.       : 504.370

Dear Mr. Smith:

This letter is in response to your request that American Safety Risk Retention Group (ASRRG) reconsider its coverage position in this matter. We hope to address your concerns below:

You contend ASRRG must defend and/or indemnify 344 Road Realty Trust ("Trust") because Architectural Deleading expressly agreed to indemnify and hold harmless the Trust defendants from liability arising from Architectural Deleading's operations. You then argue the "Contractual Liability" Exclusion in the policy does not apply to eliminate coverage for the Trust because the agreement between the Trust defendants and Architectural Deleading is an "insured contract." You suggest the "insured contract" exception to the exclusion somehow confers coverage to

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
August 17, 2004
Page 1

---

the Trust notwithstanding the fact the Trust is not an additional insured.

American Safety's coverage position with regard to the Trust is not based on the Contractual Exclusion; therefore, whether that particular exclusion applies is irrelevant. Your clients are not entitled to coverage if they are not listed as a named insured or additional insured in the policy. As previously discussed, the Trust is not listed in the policy as a named insured nor is there any indication the Trust was intended to be an additional insured under Architectural Deleading's policy.[1]

The contract between Architectural and the Trust defendants defines the rights and responsibilities of Architectural and the other parties to the contract; however, **it does not affect ASRRG's duties owed to its insured(s).** Your client is not entitled to coverage simply because Architectural agreed to indemnify and hold harmless the Trust defendants. In any event, the "Insured Contract Exception" to the Contractual Liability Exclusion does not confer coverage to any entity other than the Named Insured or Additional Insured(s). As previously noted, your client is not an "insured" entity. See Gibson & Assoc., Inc. v. Home Ins. Co., 966 F. Supp. 468 (N.D. Tex. 1997) (discussing the application of the Contractual Liability exclusion with regard to coverage for the Named Insured); Day, et al. v. Toman, 266 F.3d 831, 836 (8th Cir. 2001).

Based on the information that we have at this time, ASRRG is not in a position to defend or indemnify the Trust in this case. However, if there are additional facts or law you would like for us to consider, please let us know and we would be happy to reconsider our position.

Nothing that ASRRG or its representatives have done to date nor any of the contents of this letter shall constitute an acknowledgment that there is or may be coverage and shall not constitute a waiver of ASRRG's right to insist upon full compliance with all of the terms and conditions contained in any policy. We will expect full compliance with each and every

---

[1] In fact, the policy issued to Architectural Deleading does not contain an additional-insured endorsement.

Scott A. Smith, Esq.
SMITH & DUGGAN, LLP
August 17, 2004
Page 1

---

provision contained in any policy. The purpose of this letter is simply to give the Trust notice of American Safety's decision with regard to potential coverage issues.

    Best regards.

               Very truly yours,

               MABRY & McCLELLAND LLP

               Robert M. Darroch

               Brandon T. Grinsted

RMD/BTG:bsk