UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC.,<br><br>Defendants | CIVIL ACTION NO.: 04-40197-FDS |

**PLAINTIFFS' OPPOSITION TO ARCHITECTURAL DELEADING, INC.'S
MOTION TO EXTEND TIME TO ANSWER**

INTRODUCTION

The plaintiffs 344 Providence Road Realty Trust ("Realty Trust"), Richard Wunschel ("Wunschel") and Nautilus Insurance Company ("Nautilus") submit their opposition to the Motion of Defendant Architectural DeLeading, Inc., Through Specially-Appearing Counsel, To Extend Time For Filing Answer.  The defendant Architectural Deleading, Inc., ("ADI") fails to show excusable neglect for the indefinite extension of time that it seeks.  Fed. R. Civ. P. 6(b)(2).  ADI makes no attempt at a legal argument either, leaving unexplained what prevents it from raising any good faith defenses to the Amended Complaint as they may exist at present.  Fed. R. Civ. P. 12(b).  It now has been over four months since the Realty Trust, Wunschel and Nautilus served ADI with their original Complaint and over two months since service of their Amended Complaint.  See Court's Docket Nos. 3, 6, 9;  Fed. R. Civ. P. 4(l), Affidavits of Proof of Service upon ADI.  Federal Rule of Civil Procedure 12(a)(1)(A) requires a responsive pleading by a date

certain, that is, within twenty days of service, not "twenty (20) days after resolution of motions pending in the Worcester Superior Court," as ADI requests.  ADI's motion presents no good reason why the progress of this diversity jurisdiction case should be delayed further.  It should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b) governs requests for enlargement of time.  "[U]pon motion made after the expiration of the specified period," the court for "cause shown" may at any time in its discretion "permit the act to be done where the failure to act was the result of excusable neglect . . . ."  Fed. R. Civ. P. 6(b)(2).  A court's determination of whether a party's neglect is excusable "takes account of all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391, 395 (1993) (discussing excusable neglect standard under Bankruptcy Rule 9006(b)(1) and describing rule as "patterned after Rule 6(b)"); see Pratt v. Philbrook, 109 F.3d 18, 19 n.1 (1st Cir. 1997) (recognizing that excusable neglect standard articulated in Pioneer should apply to Fed. R. Civ. P. 6(b)) (citing cases).  Where "neglect" has been shown, see Pioneer, 507 U.S. at 388-89 (discussing what amounts to "neglect"), four factors inform a court's exercise of discretion as to whether the neglect is excusable: "the danger of prejudice [to the party opposing consideration], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer, 507 U.S. at 395.

ARGUMENT

ADI, in its motion, does not articulate a cause for its lateness that is attributable to neglect.  Although the excusable neglect standard takes all relevant circumstances into account, "it does not relieve a defendant from setting forth some reason for the delay."  <u>Maine v. United States Dept. of Interior</u>, 124 F. Supp. 2d 728, 735 (D. Me. 2001), <u>aff'd in part, rev'd in part on other grounds</u>, 298 F.3d 60 (1st Cir. 2002).  Over the past months, counsel for Wunschel, Realty Trust and Nautilus have received no communications from ADI concerning any need it may have had to extend the time for filing its responsive pleading and ADI makes no attempt to offer appropriate grounds in support of its present motion.  The Court should not indulge ADI's inordinate delay or further allow it to impede progress on the merits toward a just, speedy and inexpensive determination of Plaintiffs' claims.  Fed. R. Civ. P. 1.

ADI asserts that the resolution of a motion yet to be filed in the Worcester Division of the Superior Court Department "may" affect defenses that ADI might raise in this Court.  ADI offers no reason or citation of authorities why this is so, but perhaps hopes the Court will ignore its Local Rules as ADI has ignored Rules 6(b) and 12.  <u>See</u> Local Rule 7.1(B)(1) (memorandum of reasons, including citation of supporting authorities, shall be filed at same time with motion).  That litigation remains pending in Worcester Superior Court is no secret for the nature of that action and its relationship to this one has been explained at length in the Complaint, while the Amended Complaint also explained how the claims of the plaintiff pending there had been resolved by settlement.  Significantly, this diversity action and the cross-claims pending in Worcester Superior Court are not identical.  The unfair business practices of defendant American Safety Risk Retention Group ("Risk Retention"), and how those practices relate to the insurance it provided to ADI, are not part of the Worcester Superior Court action and will not be addressed

3

there.  A merits resolution of the cross-claims in the state court will not moot these unfair business practices claims, especially when one considers how reasonably clear liability on ADI's and Risk Retention's broader duty to defend affects the analysis.

ADI's motion argues no extraordinary circumstances why this Court should shrink from "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" though aware of related state proceedings.  <u>Colorado River Conservation Dist. v. United States</u>, 424 U.S. 800, 817 (1976).  <u>See also</u> <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 28 (1983) (stay under <u>Colorado River</u> doctrine would be "serious abuse of discretion" if there is "any substantial doubt" that a parallel state-court litigation will be an adequate vehicle for "complete and prompt resolution" of issues between parties).  ADI's motion offers no reasoned basis why it should be afforded the relief it seeks and its motion should be denied.

<u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs 344 Providence Road Realty Trust, Richard Wunschel and Nautilus Insurance Company request that the Motion of Defendant Architectural DeLeading, Inc. To Extend Time For Filing Answer be denied.

    Respectfully submitted,

    344 PROVIDENCE ROAD REALTY TRUST,
    RICHARD WUNSCHEL and
    NAUTILUS INSURANCE COMPANY

    By their attorneys,

    /s/ *Matthew J. Walko*
    Scott A. Smith (BBO No. 470180)
    Matthew J. Walko (BBO No. 562172)
    SMITH & DUGGAN LLP
    Two Center Plaza, Suite 620
    Boston, Massachusetts 02108-1906
    (617) 228-4400

Dated:  February 9, 2005

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies service of the foregoing on February 9, 2005, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as all parties, having appeared in this action through counsel admitted to practice before this Court, have been identified by the Clerk as receiving Notice of Electronic Filing.

       /s/ *Matthew J. Walko*
      Matthew J. Walko (BBO No. 562172)