# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

344 PROVIDENCE ROAD REALTY,          )
TRUST, RICHARD J. WUNSCHEL           )
and NAUTILUS INSURANCE COMPANY,      )
    Plaintiffs                       )
                                     )
v.                                   )          CIVIL ACTION NO.: 04-40197-FDS
                                     )
AMERICAN SAFETY RISK RETENTION       )
GROUP, INC. and ARCHITECTURAL        )
DELEADING, INC.,                     )
    Defendants                       )
                                     )

## AMENDED ANSWER, CROSSCLAIM AND COUNTERCLAIM OF DEFENDANT, AMERICAN SAFETY RISK RETENTION GROUP, INC. TO PLAINTIFFS' AMENDED COMPLAINT

1.    It is admitted that the plaintiffs are seeking a declaration of their rights. The balance of this paragraph is denied.

### PARTIES

2.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 2 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

3.    The defendant admits the allegations contained in paragraph 3 of the plaintiffs' amended complaint.

4.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 4 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

5.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 5 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

6.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 6 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

7.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 7 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

8.    The defendant denies the allegations contained in paragraph 8 of the plaintiffs' amended complaint.

9.    The defendant admits the allegations contained in paragraph 9 of the plaintiffs' amended complaint.

## JURISDICTION

10.    The defendant admits the allegations contained in paragraph 10 of the plaintiffs' amended complaint.

11.    The defendant denies the allegations contained in paragraph 11 of the plaintiffs' amended complaint.

## FACTUAL ALLEGATIONS

### A.    The Risk Retention CGL Insurance Policy

12.    The defendant admits the allegations contained in paragraph 12 of the plaintiffs' amended complaint.

13.    The defendant admits the allegations contained in paragraph 13 of the plaintiffs' amended complaint.

2

14.    It is admitted that the policy language set forth in paragraph 14 of the plaintiffs' amended complaint has been set forth accurately; it is denied that language set forth in paragraph 14 are the only terms of the insurance policy relevant to this case.

### B.    The Contract

15.    The defendant denies the allegations contained in paragraph 15 of the plaintiffs' amended complaint.

16.    The defendant admits the allegations contained in paragraph 16 of the plaintiffs' amended complaint.

17.    The defendant admits the allegations contained in paragraph 17 of the plaintiffs' amended complaint.

18.    The defendant admits the allegations contained in paragraph 18 of the plaintiffs' amended complaint.

19.    The defendant admits the allegations contained in paragraph 19 of the plaintiffs' amended complaint.

20.    The defendant admits the allegations contained in paragraph 20 of the plaintiffs' amended complaint; however, it is further stated that the work done by ADI was not at variance with any applicable laws, rules ordinances or regulations bearing upon the conduct of its work or that a permit was necessary.

### C.    The Ellis Action

21.    The defendant admits the allegations contained in paragraph 21 of the plaintiffs' amended complaint.

22.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 22 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

23.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 23 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

24.    The defendant admits the allegations contained in paragraph 24 of the plaintiffs' amended complaint.

25.    The defendant denies the allegations contained in paragraph 25 of the plaintiffs' amended complaint.

26.    The defendant admits the allegations contained in paragraph 26 of the plaintiffs' amended complaint.

27.    The defendant denies the allegations contained in paragraph 27 of the plaintiffs' amended complaint.

28.    The defendant denies the allegations contained in paragraph 21 of the plaintiffs' amended complaint.

29.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 29 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

30.    The defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 23 of the plaintiffs' amended complaint and, therefore, under the Rules of Civil Procedure, this paragraph is denied.

31.    The defendant admits the allegations contained in paragraph 31 of the plaintiffs' amended complaint.

32.    It is denied that the settlement was reasonable.  The balance of this paragraph is admitted.

### D.    The Dispute With Risk Retention

33.    The defendant admits the allegations contained in paragraph 33 of the plaintiffs' amended complaint.

34.    The defendant admits the allegations contained in paragraph 34 of the plaintiffs' amended complaint.

35.    The defendant admits the allegations contained in paragraph 35 of the plaintiffs' amended complaint.

36.    The defendant admits the allegations contained in paragraph 36 of the plaintiffs' amended complaint.

37.    The defendant admits the allegations contained in paragraph 37 of the plaintiffs' amended complaint.

38.    The defendant denies the allegations contained in paragraph 38 of the plaintiffs' amended complaint.

39.    It is admitted that Risk Retention responded on August 17, 2004.  The balance of this paragraph is denied.

40.    The defendant denies the allegations contained in paragraph 40 of the plaintiffs' amended complaint.

## STATEMENT OF THE CLAIMS

### COUNT I

41.    The defendant reincorporates and realleges by reference its responses to paragraphs 1 through 40 of the plaintiffs' amended complaint as if specifically set forth herein.

42.    The defendant denies the allegations contained in paragraph 42 of the plaintiffs' amended complaint.

43.   The defendant denies the allegations contained in paragraph 43 of the plaintiffs' amended complaint.

44.   The defendant denies the allegations contained in paragraph 44 of the plaintiffs' amended complaint.

## COUNT II

45.   The defendant reincorporates and realleges by reference its responses to paragraphs 1 through 44 of the plaintiffs' amended complaint as if specifically set forth herein.

46.   The defendant denies the allegations contained in paragraph 46 of the plaintiffs' amended complaint.

47.   The defendant denies the allegations contained in paragraph 44 of the plaintiffs' amended complaint.

## COUNT III

48.   The defendant reincorporates and realleges by reference its responses to paragraphs 1 through 47 of the plaintiffs' amended complaint as if specifically set forth herein.

49.   The defendant admits the allegations contained in paragraph 49 of the plaintiffs' amended complaint.

50.   The defendant denies the allegations contained in paragraph 50 of the plaintiffs' amended complaint.

51.   The defendant denies the allegations contained in paragraph 51 of the plaintiffs' amended complaint.

52.    The defendant denies the allegations contained in paragraph 52 of the plaintiffs' amended complaint.

53.    The defendant denies the allegations contained in paragraph 52 of the plaintiffs' amended complaint.

54.    WHEREFORE, the defendant, American Safety Risk Retention Group, Inc., demands judgment in its favor and that it owes the plaintiffs nothing, and that American Safety Risk Retention Group, Inc. be awarded interest, attorney fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

344 Providence Road Realty Trust lacks standing to bring this action.

### SECOND AFFIRMATIVE DEFENSE

Richard J. Wunschel lacks standing to bring this action.

### THIRD AFFIRMATIVE DEFENSE

Nautilus Insurance Company lacks standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint should be dismissed because of insufficiency of service and process.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint should be dismissed because of improper venue.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to mitigate their damages, if any, in a reasonable manner.

## EIGHTH AFFIRMATIVE DEFENSE

Under the facts of the Ellis Action, ADI was not obligated to provide a defense or indemnity to the Realty Trust or Wunschel.

## NINTH AFFIRMATIVE DEFENSE

Any alleged action or inaction by ADI was not the proximate cause of Susan Castell's death.

## FINAL AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to recover because there was no doctrine of privity of contract.

## CROSS-CLAIM AGAINST ARCHITECTURAL DELEADING, INC.

1.     The cross-claimant is American Safety Risk Retention Group ("Risk Retention").

2.     The defendant-in-crossclaim is Architectural Deleading, Inc. ("ADI").

## FACTS

3.     A claim has been made by the plaintiffs in this lawsuit that Risk Retention owes insurance coverage to the plaintiffs arising out of the "Ellis Action" and the "Contract."

4.     The "Ellis Action" is a claim for personal injuries filed by the Estate of Susan E. Castell for the wrongful death of Susan Castell. The Second Amended Complaint in the Ellis Action is attached as Exhibit 3 to the plaintiffs' complaint.

5.     The gravamen of the complaint against the defendants in the Ellis Action is that that the defendants violated the Massachusetts Building Code by failing to update the exits to the building in question when ADI was hired by Richard Wunschel to perform certain de-leading services. An additional claim was made against

Wunschel and the Realty Trust in that the defendants negligently maintained the premises.

6.    In the Ellis Action, Realty Trust and Wunschel cross-claimed for indemnity against ADI, alleging, in relevant part that:

> The plaintiff asserts in her amended complaint that defendant Architectural Deleading, Inc. breached its contract with defendant Richard Wunschel as Trustee of 344 Providence Road Realty trust, to perform the deleading work on the premises at 11-21 Sutton Street, Northbridge, Massachusetts, in a manner that complied with the Massachusetts State Building Code in force at the time the deleading work was done during 1997. The plaintiff further asserts that the decedent was a third-party beneficiary to the contract between Richard Wunschel and Architectural Deleading, Inc.

7.    The crossclaim for indemnity in the Ellis Action has alleged that:

> The plaintiff further asserts that Architectural Deleading, Inc.'s breach of the contract with Richard Wunschel resulted in the injury and death of the decedent.

8.    The policy of insurance issued by Risk Retention to ADI provides, in the General Amendatory Endorsement, that, (t)his insurance does not apply to ... "Claims" or "suits" "arising from" the rendering of or failure to render any "professional services" by or for the insured.

9.    The General Amendatory Endorsement further provides, in relevant part, that the insurance does not apply to "Claims" or "suits" "arising from"

> 4. ... violation of any civil or penal statute or ordinance ...
> 5.   intentionally or grossly negligent tortious conduct ...
> 8.   breach of or failure to perform any contract or agreement ... .

10.    Accordingly, Risk Retention does not owe coverage to ADI for the Ellis Action.

WHEREFORE, the cross-claimant, American Safety Risk Retention Group, Inc., asks this Honorable Court to declare the rights and other legal relations of Risk Retention and ADI pursuant o 28 U.S.C. § 2201 by judgment as follows:

(a) Risk Retention is not required to provide insurance coverage to ADI for the Ellis Action;

(b) Risk Retention is neither required to defend nor pay for ADI's defense costs in the civil action;

(c) that Risk Retention is not required to indemnify ADI for the claims set forth in the Ellis Action or the cross-claims;

(d) that ADI reimburse Risk Retention for monies it expended in the Ellis Action; and

(e) that Risk Retention receives such other relief as this Honorable Court feels is fit and proper, including the costs, expenses and attorney fees Risk Retention has expended in this action and all other relief to which it is entitled.

## COUNTERCLAIM AGAINST 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL AND NAUTILUS INSURANCE COMPANY

1. The defendant/plaintiff-in-counterclaim is American Safety Risk Retention Group, Inc. ("Risk Retention").

2. The defendants-in-counterclaim are the plaintiffs herein, 344 Providence Road Realty Trust ("Realty Trust"), Richard J. Wunschel ("Wunschel") and Nautilus Insurance Company ("Nautilus").

### FACTS

3. A claim has been made by the plaintiffs in this lawsuit that Risk Retention owes insurance coverage to the plaintiffs arising out of the "Ellis Action" and the "Contract."

4. The "Ellis Action" is a claim for personal injuries filed by the Estate of Susan E. Castell for the wrongful death of Susan Castell. The Second Amended Complaint in the Ellis Action is attached as Exhibit 3 to the plaintiffs' complaint.

5. The gravamen of the complaint against the defendants in the Ellis Action is that that the defendants violated the Massachusetts Building Code by failing to update the exits to the building in question when ADI was hired by Richard Wunschel to perform certain de-leading services. An additional claim was made against Wunschel and the Realty Trust in that the defendants negligently maintained the premises.

6. In the Ellis Action, Realty Trust and Wunschel Cross-claimed for indemnity against ADI, alleging, in relevant part that:

> The plaintiff asserts in her amended complaint that defendant
> Architectural Deleading, Inc. breached its contract with defendant
> Richard Wunschel as Trustee of 344 Providence Road Realty trust, to
> perform the deleading work on the premises at 11-21 Sutton Street,
> Northbridge, Massachusetts, in a manner that complied with the
> Massachusetts State Building Code in force at the time the deleading
> work was done during 1997. The plaintiff further asserts that the

decedent was a third-party beneficiary to the contract between
Richard Wunschel and Architectural Deleading, Inc.

7.    The counterclaim for indemnity in the Ellis Action has alleged that:

The plaintiff further asserts that Architectural Deleading, Inc.'s
breach of the contract with Richard Wunschel resulted in the injury
and death of the decedent.

8.    The policy of insurance issued by Risk Retention to ADI provides, in the

General Amendatory Endorsement, that, (t)his insurance does not apply to ... "Claims"

or "suits" "arising from" surrendering of or failure to render any "professional services"

by or for the insured.

9.    The General Amendatory Endorsement further provides, in relevant part,

that the insurance does not apply to "Claims" or "suits" "arising from"

4. ... violation of any civil or penal statute or ordinance ...
5.    intentionally or grossly negligent tortious conduct ...
8.    reach of or failure to perform any contract or agreement ... .

10.    Accordingly, Risk Retention does not owe coverage to plaintiffs/

defendants-in-counterclaim for the Ellis Action.

WHEREFORE, the cross-claimant, American Safety Risk Retention Group, Inc.,

asks this Honorable Court to declare the rights and other legal relations of Risk

Retention and plaintiffs/defendants-in-counterclaim pursuant o 28 U.S.C. § 2201 by

judgment as follows:

(a)    Risk Retention is not required to provide insurance coverage to
plaintiffs/defendants-in-counterclaim for the Ellis Action;

(b)    Risk Retention is neither required to defend nor pay for plaintiffs/
defendants-in-counterclaim's defense costs in the civil action;

(c)    that Risk Retention is not required to indemnify plaintiffs/defendants-in-
counterclaim for the claims set forth in the Ellis Action or the cross-
claims;

(d)    That plaintiffs/defendants in the counterclaim reimburse Risk Retention
for monies it expended in the Ellis Action; and

(e)    that Risk Retention receives such other relief as this Honorable Court feels is fit and proper, including the costs, expenses and attorney fees Risk Retention has expended in this action and all other relief to which it is entitled.

Respectfully submitted,

**CLARK, HUNT & EMBRY**

/s/ Armando J. Acosta
_____
Armando J. Acosta (BBO # 648242)
55 Cambridge Parkway
Cambridge, MA  02142
B.B.O. No. 244720
(617) 494-1920

Date: February 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February 2005, I caused copies of the foregoing document to be served on counsel to the parties to this action and on counsel or representatives of the movants for intervention by first class mail.

/s/ Armando J. Acosta
_____
Armando J. Acosta

13