UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY,<br><br>  Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC.<br><br>  Defendant and<br>  Cross-claim and Counterclaim Plaintiff, and<br><br>ARCHITECTURAL DELEADING, INC.,<br><br>  Defendant and Cross-claim Defendant. | CIVIL ACTION NO. 04-40197-FDS |

**REPLY OF PLAINTIFFS 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, AND NAUTILUS INSURANCE COMPANY TO AMENDED COUNTERCLAIM OF AMERICAN SAFETY RISK RETENTION GROUP**

Plaintiffs and Counterclaim Defendants 344 Providence Road Realty Trust ("Realty Trust"), Richard J. Wunschel ("Wunschel"), and Nautilus Insurance Company ("Nautilus") respond to the allegations contained in the Amended Counterclaim of American Safety Risk Retention Group ("Risk Retention") by corresponding numbered paragraphs as follows.

## ANSWER

1. Admitted.

2. Admitted.

## FACTS

3. Denied.

4.    The Realty Trust, Wunschel and Nautilus admit that in the civil action commenced by Kerri Ellis, as Administratrix of the Estate of Susan E. Castell, in the Worcester Division of the Massachusetts Superior Court Department, Civil Action No. 00-2384 ("Ellis Action"), the plaintiff Kerri Ellis asserted claims seeking damages under various theories including wrongful death.  The Realty Trust, Wunschel and Nautilus further admit that a true copy of the second amended complaint in the Ellis Action is attached at Exhibit 3 to the Amended Complaint of the Realty Trust, Wunschel and Nautilus in this action, but deny the remaining allegations of this paragraph.

5.    The Realty Trust, Wunschel and Nautilus admit that in the Ellis Action the plaintiff contended, among other things, that the apartment building located at 11 to 21 Sutton Street, Northbridge, Massachusetts ("the Sutton Street property") did not comply with the Massachusetts State Building Code, that Richard Wunschel as trustee of the Realty Trust hired Architectural Deleading Inc. to perform services and furnish materials with respect to the Sutton Street Property, and that the negligence of Architectural Deleading Inc., Wunschel and/or the Realty Trust caused the death of Susan Castell, a tenant of the Sutton Street Property, but the Realty Trust, Wunschel and Nautilus deny the remaining allegations of this paragraph.

6.    The Realty Trust, Wunschel and Nautilus admit that the language quoted in paragraph six appears in the Realty Trust and Wunschel's cross-claim in the Ellis Action against Architectural Deleading, Inc., but deny that it characterizes the only or the most relevant part of the Realty Trust's and Wunschel's claims against Architectural Deleading, Inc. seeking damages for indemnity, negligent conduct, omissions or misrepresentations and/or contribution.

7.   The Realty Trust, Wunschel and Nautilus admit that the Realty Trust and Wunschel's cross-claim against Architectural Deleading, Inc. includes the quoted language, but deny that the quoted language represents all that has been alleged.

8.   Admitted, except that the word "surrendering" is the phrase "the rendering" in the General Amendatory Endorsement to the policy of insurance issued by Risk Retention to Architectural Deleading, Inc.

9.   The Realty Trust, Wunschel and Nautilus admit that the General Amendatory Endorsement to the policy of insurance issued by Risk Retention to Architectural Deleading, Inc. contains some of the language quoted in this paragraph, but deny that it represents a full and correct quotation and deny that it represents the only pertinent or the most relevant part of the policy.

10.   Denied. Further answering, the Realty Trust, Wunschel and Nautilus state that the basis for their claims against Risk Retention is set forth in their Amended Complaint.

Further answering, the Realty Trust, Wunschel and Nautilus deny that Risk Retention is entitled to the relief sought in the final, unnumbered paragraph of the Amended Counterclaim.

DEFENSES

FIRST DEFENSE

Risk Retention, on information and belief, has provided Architectural Deleading, Inc. with insurance coverage for the claims and/or cross-claims made against it in the Ellis Action; has settled the claims asserted by Kerris Ellis against Architectural Deleading, Inc. in that action by payment to Kerri Ellis of $300,000.00 on or behalf of Architectural Deleading, Inc., the Realty Trust and/or Wunschel, in whole or in part; has directed and controlled the defense

provided to Architectural Deleading, Inc.; and has taken such other action on which Architectural Deleading, Inc. has reasonably relied to its detriment or which created a conflict of interest such that Risk Retention has waived or should be deemed to have waived coverage defenses or any reservation of rights, and/or is estopped as a matter of law or equity from denying coverage to Architectural Deleading, Inc. or denying that liability with respect to such coverage is or has been reasonably clear.

## SECOND DEFENSE

Risk Retention by relying upon grounds different from the grounds previously set forth in communications to the Realty Trust, Wunschel and/or Nautilus has waived or should be deemed to have waived the ability to rely upon such new grounds in this action, and/or is estopped as a matter of law or equity from being able to rely upon such new grounds in this action.

## THIRD DEFENSE

To the extent that Risk Retention may be entitled to any of the relief it seeks following a finding by the Court concerning the analysis of a duty to indemnify in the Ellis Action, it is not entitled to such relief with respect to the distinct duty to defend in the Ellis Action which is broader and greater than the duty to indemnify.

## FOURTH DEFENSE

Risk Retention's alleged request that it be reimbursed "for monies it expended in the Ellis Action" lacks any basis in fact or law, is made without good faith, fails to state a claim upon which relief can be granted, and should be stricken and dismissed.

FIFTH DEFENSE

Risk Retention's alleged request that it be awarded attorney fees and expenses in pursuit of its Counterclaim lacks any basis in fact or law, is made without good faith, fails to state a claim upon which relief can be granted, and should be stricken and dismissed.

WHEREFORE, the Realty Trust, Wunschel and Nautilus request that they be afforded the relief requested in their Amended Complaint.

Respectfully submitted,

344 PROVIDENCE ROAD REALTY TRUST
RICHARD J. WUNSCHEL, and
NAUTILUS INSURANCE COMPANY

By their attorneys,

/s/ *Matthew J. Walko*
_____
Matthew J. Walko (BBO No. 562172)
Christina Schenk-Hargrove (BBO No. 645164)

SMITH & DUGGAN LLP
Two Center Plaza
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated: February 18, 2005

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies service of the foregoing on February 18, 2005, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as all parties, having appeared in this action through counsel admitted to practice before this Court, have been identified by the Clerk as receiving Notice of Electronic Filing.

      /s/ *Matthew J. Walko*
    Matthew J. Walko (BBO No. 562172)