UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY,<br>Plaintiffs<br><br>v.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC.<br>Defendants | CIVIL ACTION NO.: 04-40197-FDS |

## ANSWER OF DEFENDANT ARCHITECTURAL DELEADING, INC. TO AMENDED COMPLAINT, COUNTERCLAIM AND JURY DEMAND

### FIRST DEFENSE

The plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant, Architectural Deleading, Inc., answers the plaintiffs' Amended Complaint, paragraph by paragraph, as follows:

1. No answer required, as this Introductory Statement does not state allegations of fact. To the extent that the plaintiffs seek a declaration that the defendant Architectural Deleading, Inc. ("ADI") is required by contract to indemnify them, or any of them, and seek damages for the failure of ADI to do so, ADI denies that the contract so provides.

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the plaintiffs' Amended Complaint.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the plaintiffs' Amended Complaint.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the plaintiffs' Amended Complaint.

285801v1

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the plaintiffs' Amended Complaint.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the plaintiffs' Amended Complaint.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the plaintiffs' Amended Complaint.

8. The defendant admits that ADI was a business corporation organized under the laws of the State of New Hampshire when the contract was entered and the work done in 1997, and when the fire occurred which underlies this case in 2000. ADI admits the principal place of business as alleged for the time period 1999 and 2000, but denies this address at the time of the accident in 1997. The defendant denies that ADI had contacts with the Commonwealth of Massachusetts as alleged in 2000 when the fire occurred. Further, the defendant denies that the corporation known as Architectural Deleading, Inc. after the fire at issue was the same corporation and/or liable for the liabilities, acts, omissions, and contracts of the predecessor corporation known as Architectural Deleading, Inc.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the plaintiffs' Amended Complaint.

10. The defendant admits the allegations contained in Paragraph 10 of the plaintiffs' Amended Complaint.

11. The defendant ADI denies the allegations contained in Paragraph 11 of the plaintiffs' Amended Complaint regarding itself, but is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other defendants.

12. The defendant denies the allegations contained in Paragraph 12 of the plaintiffs' Complaint, although the defendant does admit that policy number ASC99-349-004 was issued.

13. The defendant denies the allegations contained in Paragraph 13 of the plaintiffs' Amended Complaint. The copy attached does not appear to be complete.

14. The CGL Policy is a written document, the terms of which speak for themselves.

15. The defendant admits the allegations contained in Paragraph 15 of the plaintiffs' Amended Complaint, that on said date ADI entered into the contract with Wunschel to perform deleading services as set forth in the contract. The defendant denies the remainder of the allegations contained in Paragraph 15 of the plaintiffs' Amended Complaint.

16. The defendant admits the allegations contained in Paragraph 16 of the plaintiffs' Amended Complaint.

17. The contract is a written document, the terms of which speak for themselves.

2

18. The contract is a written document, the terms of which speak for themselves.

19. The contract is a written document, the terms of which speak for themselves.

20. ADI denies that building permits were required for the work contemplated by the contract, and denies that the proposed construction was at variance with any applicable laws, rules, ordinances or regulations bearing on the conduct of ADI's work.

21. The defendant admits the allegations contained in Paragraph 21 of the plaintiffs' Amended Complaint.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the plaintiffs' Amended Complaint. ADI further denies that the alleged indemnity contract provides any rights to either Nautilus, Wunschel or The Realty Trust in the circumstances presented.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the plaintiffs' Amended Complaint.

24. The defendant admits the allegations contained in Paragraph 24 of the plaintiffs' Amended Complaint (although the Amended Complaint was filed March 26, 2003 and ADI's answer on July 22, 2003).

25. The defendant admits the allegations contained in Paragraph 25 of the plaintiffs' Amended Complaint (although the Second Amended Complaint was filed January 27, 2004).

26. The defendant admits the allegations contained in Paragraph 26 of the plaintiffs' Amended Complaint.

27. The defendant admits the allegations contained in Paragraph 27 of the plaintiffs' Amended Complaint, and states that this was one among other theories advanced by the plaintiff in the Ellis Action.

28. The Second Amended Complaint in the Ellis Action is a written document, the words of which speak for themselves.

29. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the plaintiffs' Amended Complaint.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the plaintiffs' Amended Complaint.

31. The defendant admits the allegations contained in Paragraph 31 of the plaintiffs' Amended Complaint.

32. The defendant admits the allegations contained in the first sentence of Paragraph 32 of the plaintiffs' Amended Complaint. The defendant denies the allegations contained in the second sentence of Paragraph 32 of the plaintiffs' Amended Complaint. The

285801v1

defendant admits the allegations contained in the third sentence of Paragraph 32 of the plaintiffs' Amended Complaint.

33. The defendant admits that such cross-claims were filed, the terms of which speak for themselves.

34. The defendant admits the allegations contained in Paragraph 34 of the plaintiffs' Amended Complaint.

35. The defendant admits the allegations contained in Paragraph 35 of the plaintiffs' Amended Complaint.

36. The defendant admits that such a letter was received by counsel for ADI. The terms of the letter speak for themselves.

37. The defendant admits the allegations contained in Paragraph 37 of the plaintiffs' Amended Complaint.

38. The letter dated June 25, 2004 is a written document, the terms of which speak for themselves.

39. The letter dated August 17, 2004 is a written document, the terms of which speak for themselves.

40. No answer required of ADI, as these allegations are not directed toward ADI.

## COUNT I

41. The defendant repeats and realleges its responses to paragraphs 1 through 40 of plaintiffs' Amended Complaint and incorporates the same by reference as if fully set forth herein.

42. The defendant admits that a justiciable controversy exists, but denies that ADI bears any liability to the plaintiffs, or any of them, for indemnification or otherwise.

43. The defendant admits the allegations of Paragraph 43 of the plaintiffs' Amended Complaint regarding Wunschel. The defendant denies the allegations of Paragraph 43 of the plaintiffs' Amended Complaint regarding Realty Trust. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the plaintiffs' Amended Complaint regarding Nautilus.

44. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the plaintiffs' Amended Complaint.

## COUNT II

45. The defendant repeats and realleges its responses to paragraphs 1 through 44 of plaintiffs' Amended Complaint and incorporate the same by reference as if fully set forth herein.

46. The defendant denies the allegations contained in Paragraph 46 of the plaintiffs' Amended Complaint.

4

47. The defendant denies the allegations contained in Paragraph 47 of the plaintiffs' Amended Complaint.

## COUNT III

48.-
53. No answer required, as these allegations are not addressed to ADI.

## WHEREFORE:

54. ADI joins in the request of the plaintiffs that this Court adjudicate this controversy, but prays that the court order and declare that ADI is not obligated under the contract to indemnify any of the plaintiffs, as requested by the plaintiffs, for its costs and attorneys fees incurred in this action, and for such other relief as the Court deems just and proper.

### THIRD DEFENSE

Any negligence or breach of contract of the defendant, as alleged, was not a proximate cause of the plaintiffs' damages.

### FOURTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiffs breached the terms and conditions of the agreement or contract alleged in the plaintiffs' Complaint, and that therefore the plaintiffs cannot recover.

### FIFTH DEFENSE

By way of affirmative defense, the defendant says that the alleged agreement or contract between it and the plaintiffs is void for want of consideration.

### SIXTH DEFENSE

The Complaint of the plaintiffs fails to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiffs any amount of the loss or damage alleged.

285801v1

## SEVENTH DEFENSE

By way of affirmative defense, the defendant says further that it denies that any servant, employee or agent of the defendant had any legal capacity to enter into any agreement for or on behalf of the defendant.

## EIGHTH DEFENSE

By way of affirmative defense, and to the extent that the allegations of breach of contract more properly allege negligence of the defendant in performing its duties under the alleged contract, the defendant says that the injuries or damage alleged were caused by the negligence of the plaintiffs, not by any act or omission of the defendant.

## NINTH DEFENSE

By way of affirmative defense, the defendant says that the process served on the defendant was insufficient; wherefore, the Complaint should be dismissed.

## TENTH DEFENSE

By way of affirmative defense, the defendant says that the service of process on the defendant was insufficient.

## ELEVENTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

## TWELFTH DEFENSE

And further answering, the defendant says that no privity of contract exists between it and the plaintiffs, wherefore the plaintiffs are barred from recovery in this action.

285801v1

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant says the plaintiff cannot recover as the claim is barred by the statute of repose.

## FOURTEENTH DEFENSE

Any alleged action or inaction of ADI was not the proximate cause of the death of Susan Castell as alleged in the Ellis Action.

## COUNTERCLAIM OF ARCHITECTURAL DELEADING, INC. AGAINST 344 PROVIDENCE RD. REALTY TRUST, RICHARD J. WUNSCHEL, AND NAUTILUS INSURANCE COMPANY

## COUNT I

1. The defendant/plaintiff-in-counterclaim, Architectural Deleading, Inc. ("ADI"), was at relevant times a New Hampshire corporation with its principal place of business at Salem, New Hampshire.

2. The plaintiff/defendant-in-counterclaim, 344 Providence Rd. Realty Trust ("Realty Trust"), is a business entity with its usual place of business in Douglas, Worcester County, Massachusetts.

3. The plaintiff/defendant-in-counterclaim, Richard J. Wunschel ("Wunschel"), is a resident of Sutton, Worcester County, Massachusetts and the Trustee of the 344 Providence Rd. Realty Trust.

4. The plaintiff/defendant-in-counterclaim Nautilus Insurance Company ("Nautilus") is, upon information and belief, the insurer of the plaintiffs Realty Trust and Wunschel, and purports to be subrogated to their rights, if any, against ADI.

5. ADI states that if Susan Castell incurred serious injuries and death as alleged in the Ellis Action, such serious injuries and death were caused in whole or in part by the

7

285801v1

6. As a direct and proximate result of the actions or omissions of Realty Trust and Wunschel, ADI is exposed to liability.

7. ADI did not participate in the negligence of Wunschel and Realty Trust, and/or the actions or omissions of ADI were merely passive and constructive, while the acts and omissions of Realty Trust and Wunschel were active and actual. Therefore, ADI is entitled to indemnification for all sums which it has expended in defense and settlement of the Ellis Action and this action, including costs, interest, and attorney's fees.

WHEREFORE, the defendant/plaintiff-in-counterclaim, Architectural Deleading, Inc., demands judgment against the plaintiffs/defendants-in-counterclaim, Richard J. Wunschel, 344 Providence Rd. Realty Trust and Nautilus Insurance Company for indemnification, together with interest, cost and attorney's fees.

## JURY CLAIM

THE DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM CLAIMS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

The Defendant,
ARCHITECTURAL DELEADING, INC.

By Its Attorneys,
MORRISON MAHONEY LLP

John F. Burke, Jr., BBO# 065140
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115
(413) 737-4373
(413) 739-3125 (fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on _____.

8

285801v1