UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC., <br><br> Defendants | CIVIL ACTION NO.: 04-40197-FDS |

**LOCAL RULE 16.1(D) JOINT STATEMENT OF THE PARTIES**

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts and the Notice of Scheduling Conference of Judge Saylor dated February 23, 2005, the parties in the above-entitled matter propose the following pre-trial schedule:

**I.  DISCOVERY**

PHASE 1- DISCOVERY AS TO INSURANCE AND NON-EXPERT INDEMNITY ISSUES

| | |
|---|---|
| Initial Disclosures*: | April 22, 2005 |
| Interrogatories and Requests for Production of Documents (first set) Served: | May 20, 2005 |
| Responses to Requests for Production of Documents: | June 20, 2005 |
| Interrogatory Answers: | July 8, 2005 |

---

* See issues raised in Section IV, <u>infra</u>.

| | |
|---|---|
| Requests for Admissions and Follow-up Interrogatories and Document Requests (if any) Served: | August 5, 2005 |
| Responses to Requests for Admissions and Follow-up Written Discovery Served: | September 9, 2005 |
| Completion of Phase I Depositions: | September 30, 2005 |

(For dispositive motions related to the insurance phase of the proceedings and contractual indemnity, see Section II, below.)

PHASE II –DISCOVERY AS TO EXPERT INDEMNITY ISSUES

| | |
|---|---|
| Plaintiff's Disclosure of Expert Witness Reports: | February 24, 2006* |
| Defendant's Disclosure of Expert Witness Reports: | March 24, 2006 |
| Completion of Mediation (if parties elect): | April 29, 2006 |
| Completion of Expert Depositions: | June 9, 2006 |

The parties further agree that the nature and number of discovery events otherwise shall be governed by Federal Rule of Civil Procedure 30(d) and Local Rule 26.1(C). Any party may file an appropriate motion seeking relief from the limitations on discovery. Testimony taken and discovery responses produced in *Kerri A. Ellis, Administratrix of the Estate of Susan Castell v. 344 Providence Road Realty Trust et al.*, Worcester Division of the Superior Court Department, Civil Action No. 00-2384, may be used under Fed. R. Civ. P. 32 and/or relied upon as if taken or provided in this case.

---

* Or 30 days after summary judgment decision, whichever is later. Following events will also be adjusted as necessary.

## II. SCHEDULE FOR MOTIONS

| | |
|---|---|
| Filing of Plaintiffs' Motion for Partial Summary Judgment on Insurance Issues, no later than: | October 28, 2005 |
| Filing of Defendants' Oppositions and Cross-Motions, if any: | 28 days after service |
| Filing of Reply and Opposition to Cross-Motions: | 21 days after service |
| Hearing on Insurance Summary Judgment Motions: | As set by the Court |

---

| | |
|---|---|
| Filing of Defendants' Motion, if any, for Summary Judgment on Contractual Indemnity: | July 21, 2006 |
| Filing of Plaintiffs' Oppositions and Cross-Motions, if any: | 28 days after service |
| Filing of Reply and Opposition to Cross-Motions: | 21 days after service |
| Hearing on Indemnity Summary Judgment Motions: | As set by the Court |

## III. SCHEDULE FOR TRIAL

| | |
|---|---|
| Final pre-trial conference: | November 1, 2006 |
| Trial – Bifurcated: Liability from Damages: | December 4, 2006 |

## IV. ADDITIONAL DISCOVERY ISSUES

Plaintiffs maintain that requiring disclosure of their attorney fee and expense invoices pursuant to Federal Rule of Civil Procedure 21(a)(1)(C) on which part of their computation of damages is based would be unfair and improper at this time prior to a determination of liability questions. The plaintiffs will produce as part of their initial disclosures under Rule 26(a)(1) a tabular summary of their attorneys' fees and expenses arranged by invoice number. Un-redacted disclosure of the descriptions contained in attorney fee and expense invoices would reveal

attorney-client privileged communications or mental impressions, conclusions, opinions, or legal theories concerning the litigation protected by the work product doctrine. Furthermore, the information contained in these descriptions is neither relevant nor admissible to prove the claims or defenses in this case. What counsel for the plaintiffs thought after state court litigation commenced has no rational tendency to prove whether Architectural Deleading is obligated to indemnify the plaintiffs, whether that indemnification obligation was triggered by the death of Ms. Castell, whether the indemnification agreement is an insured contract under Architectural Deleading's policy with American Safety Risk Retention Group, or whether American Safety Risk Retention Group has engaged in unfair business acts or practices. The plaintiffs submit that in the interest of justice and fairness and to avoid the imposition of an undue burden, any determination as to the reasonableness of the amounts claimed should be determined after the liability phase of this case is complete.

## V.    CERTIFICATION

All parties' certifications concerning compliance with Local Rule 16.1(D)(3) will be submitted to the Court or with this Joint Statement.

No party consents to a trial before a United States Magistrate Judge.

| | |
|---|---|
| ARCHITECTURAL DELEADING, INC., AS DEFENDANT AND NOT AS DEFENDANT IN CROSS-CLAIM | The defendant, <br><br> AMERICAN SAFETY RISK RETENTION GROUP, INC. |
| By its attorneys: | By its attorneys: |
| MORRISON MAHONEY LLP | CLARK, HUNT & EMBRY |
| */s/ John F. Burke Jr. (per telephone)* <br> John F. Burke, Jr. <br> BBO No. 065140 <br> 1500 Main Street, Suite 2400 <br> P.O. Box 15387 <br> Springfield, MA 01115 <br> (413) 737-4373 | William J. Hunt <br> BBO No. 244720 <br> Armando Acosta <br> BBO No. 648242 <br> 55 Cambridge Parkway <br> Cambridge, MA 02142 <br> (617) 494-1920 |

The plaintiffs,

344 PROVIDENCE ROAD REALTY TRUST, RICHARD WUNSCHEL, and NAUTILUS INSURANCE COMPANY

By their attorneys:

SMITH & DUGGAN LLP

*/s/ Matthew J. Walko*

Matthew J. Walko
BBO # 562172
Two Center Plaza, Suite 620
Boston, MA 02108-1906
(617) 228-4400

Dated: March 22, 2005

| | |
|---|---|
| ARCHITECTURAL DELEADING, INC., AS DEFENDANT AND NOT AS DEFENDANT IN CROSS-CLAIM | The defendant, AMERICAN SAFETY RISK RETENTION GROUP, INC. |
| By its attorneys: | By its attorneys: |
| MORRISON MAHONEY LLP | CLARK, HUNT & EMBRY |
| John F. Burke, Jr.<br>BBO No. 065140<br>1500 Main Street, Suite 2400<br>P.O. Box 15387<br>Springfield, MA 01115<br>(413) 737-4373 | William J. Hunt<br>BBO No. 244720<br>Armando Acosta<br>BBO No. 648242<br>55 Cambridge Parkway<br>Cambridge, MA 02142<br>(617) 494-1920 |

The plaintiffs,

344 PROVIDENCE ROAD REALTY TRUST, RICHARD WUNSCHEL, and NAUTILUS INSURANCE COMPANY

By their attorneys:

SMITH & DUGGAN LLP

/s/ Matthew J. Walko

Matthew J. Walko
BBO # 562172
Two Center Plaza, Suite 620
Boston, MA 02108-1906
(617) 228-4400

Dated: March 22, 2005

5

CERTIFICATE OF SERVICE

The undersigned certifies service of the foregoing on March 23, 2005, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as all parties, having appeared in this action through counsel admitted to practice before this Court, have been identified by the Clerk as receiving Notice of Electronic Filing.

      /s/ *Matthew J. Walko*
Matthew J. Walko (BBO No. 562172)