UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**344 Providence Road Realty Trust et al.**

    **Plaintiffs,**

    v.                                             CIVIL ACTION
                                                          NO.   04-40197

**American Safety Risk Retention Group, Inc. et al.**

    **Defendants.**

### SCHEDULING ORDER

**SAYLOR, J.**

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

### Timetable for Discovery and Motion Practice

    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by April 22, 2005.

2. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after June 1, 2005.

3. **Phase I - Discovery as to Insurance and Non-Expert Indemnity Issues - Interim Deadlines.**

    a. First sets of requests for production of documents and interrogatories must be served by May 20, 2005.

    b. Responses to requests for production of documents must be served by June 20, 2005.

    c. Answers to interrogatories must be served by July 8, 2005.

    **d.**    All requests for admission and follow-up interrogatories and requests for production of documents must be served by <u>August 5, 2005</u>.

    **e.**    Responses to requests for admission and follow-up interrogatories and requests for production of documents must be served by <u>September 9, 2005</u>.

    f.    Phase I depositions must be completed by <u>September 30, 2005</u>.

**4.**    **Phase I Discovery - Final Deadline.**  All Phase I discovery must be completed by <u>September 30, 2005</u>.

**5.**    **Status Conference.**  A status conference will be held on <u>October 12, 2005 at 3:00 p.m</u>.

**6.**    **Phase II Discovery as to Expert Indemnity Issues - Interim Deadlines.**

    **a.**    Plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by <u>February 24, 2006</u>.

    **b.**    Plaintiffs' trial experts must be deposed by <u>June 9, 2006</u>.

    **c.**    Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by <u>March 24, 2006</u>.

    **d.**    Defendants' trial experts must be deposed by <u>June 9, 2006</u>.

**7.**    **Phase II Discovery - Final Deadline.**  All Phase II discovery must be completed by <u>June 9, 2006</u>.

**8.**    **Dispositive Motions.**

    **a.**    Any motion by plaintiffs for partial summary judgment on insurance issues must be filed by <u>October 28, 2005</u>.

    **b.**    All other dispositive motions, including any motion by defendants for summary judgment on contractual indemnity issues, must be filed by <u>July 21, 2006</u>.

    **c.**    Oppositions to dispositive motions and any cross-motions must be filed within <u> 28 </u> days of the filing of the dispositive motion.

    **d.**    Replies to dispositive motions and oppositions to cross-motions must be filed within <u> 21 </u> days of the filing of the opposition and/or cross-motion.

9. **Pretrial Conference.** A pretrial conference will be held on <u>October 18, 2006</u> at <u>3:00 p.m</u>.

## Procedural Provisions

1. **Extension of Deadlines.**

    a. **Fact Discovery - Interim Deadlines**. The parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

    b. **Fact Discovery - Final Deadline; Expert Discovery.** The parties may extend the final deadline for fact discovery or the deadlines for expert discovery for a combined total of up to 30 days by mutual written agreement filed with the court.

    c. **Dispositive Motions and Pretrial Conference.** The parties may not extend the deadline for filing dispositive motions or the date of the final pretrial conference without leave of court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

    d. **Procedure for Seeking Extensions from Court.** Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2. **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal

      holidays) after service of the opposition memorandum. Except as otherwise provided, parties may file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

**4.** **Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

**5.** **Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

**6.** **Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

By the Court,

March 29, 2005  
Date

/s/ Martin Castles  
Deputy Clerk