UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> AMERICAN SAFETY RISK RETENTION GROUP, INC. <br><br> Defendant and Cross-claim and Counterclaim Plaintiff, and <br><br> ARCHITECTURAL DELEADING, INC., <br><br> Defendant, Cross-claim Defendant, and Counterclaim Plaintiff | CIVIL ACTION NO. 04-40197-FDS |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS AMENDED COUNTERCLAIM
OF ARCHITECTURAL DELEADING, INC.**

**I.   INTRODUCTION**

Plaintiffs and Counterclaim Defendants 344 Providence Road Realty Trust ("Realty Trust"), Richard J. Wunschel ("Wunschel"), and Nautilus Insurance Company ("Nautilus") (collectively "Plaintiffs" or "Wunschel") submit this memorandum in support of their motion to dismiss the Amended Counterclaim of Architectural Deleading, Inc. ("ADI") for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); L.R. 7.1. For the reasons set forth in Plaintiffs' motion and those set forth more fully below, ADI's amended counterclaim should be dismissed.

II.     BACKGROUND

ADI admits in its answer to the Amended Complaint that on July 29, 1997, it entered into a written contract ("the Contract") to perform services with respect to an apartment building located at 11 to 21 Sutton Street, Northbridge, Massachusetts ("the Sutton Street property"). (See Amended Complaint ("Amd. Cmplt.") ¶ 15; Answer of Defendant Architectural Deleading, Inc. To Amended Complaint, Amended Counterclaim And Jury Demand ("ADI Ans.") ¶ 15.) ADI acknowledges that the Sutton Street property was owned by the 344 Providence Road Realty Trust, of which Wunschel was the sole trustee and one of the beneficiaries. (Amd. Cmplt. ¶¶ 3, 4; ADI Ans. ¶¶ 3, 4.) It also admits that a true copy of the Contract is attached as Exhibit 2 to the Amended Complaint. (Amd. Cmplt. ¶ 16; ADI Ans. ¶ 16.) The Contract provides that ADI, as contractor, shall "defend, indemnify and hold harmless the owner from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from contractor's operations under this contract." (Amd. Cmplt., Ex. 2, at para. 6.)

On March 15, 2000, Susan Castell, a tenant at the Sutton Street property, died in a fire in her apartment there. (Amd. Cmplt. ¶ 27; ADI Ans. ¶ 27.) Kerri Ellis, her administratrix, sued Wunschel, the Realty Trust, and ADI for Susan Castell's death in the Worcester Superior Court ("the Ellis Action"). (Amd. Cmplt ¶¶ 21, 24; ADI Ans. ¶¶ 21, 24.) The Ellis Action defendants and their insurers mediated a settlement agreement with Ms. Ellis on October 27, 2004. (Amd. Cmplt ¶ 32; ADI Ans. ¶ 32.)

Wunschel, the Realty Trust, and their insurer, Nautilus, instituted this action seeking, among other things, indemnity from ADI based on the indemnity agreement in the Contract. Despite this written indemnification agreement, ADI in its amended counterclaim now seeks the

opposite result: it seeks to have Wunschel, the Realty Trust, and Nautilus indemnify it. As grounds for ADI's amended counterclaim, ADI alleges that it "did not participate in the negligence of Wunschel and the Realty Trust," or the actions or omissions of ADI were "passive and constructive" while the acts of the Realty Trust and Wunschel were "active and actual."[1] (Amended Counterclaim of ADI, ¶ 7.) In other words, ADI is asking the Court to reach out to so-called "tort-based" indemnity principles to reverse the flow of the contractual allocation of risk agreed to by the parties. Massachusetts law does not permit that result.

### III.  ARGUMENT

A.  <u>Standard of Review</u>

In considering a motion to dismiss, a complaint is construed in the light most favorable to the pleader and all allegations are taken as true. <u>E.g.</u>, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002) (reaffirming <u>Scheurer v. Rhodes</u>, 416 U.S. 232, 236 (1974) and <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993)). The rule, however, that courts "accept plaintiff's well-pleaded factual averments and indulge every reasonable inference hospitable to her case does not entitle a plaintiff to rest on subjective characterizations or conclusory descriptions of a general scenario which could be denominated by unpleaded facts." <u>Judge v. City of Lowell</u>, 160 F.3d 67, 77 (1st Cir. 1998) (internal

---

[1] Paragraph 7 of ADI's amended counterclaim states in full:

> ADI did not participate in the negligence of Wunschel and Realty Trust, and/or the actions or omissions of ADI were merely passive and constructive, while the acts and omissions of Realty Trust and Wunschel were active and actual. Therefore, ADI is entitled to indemnification for all sums which it has expended in defense and settlement of the Ellis Action and this action, including costs, interest, and attorney's fees.

3

quotations omitted). See also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) (court need not credit plaintiff's "bald assertions, unsupportable conclusions, [or] periphrastic circumlocutions").

In considering the merits of a motion to dismiss, a court may look to documents attached as exhibits or incorporated by reference in the complaint as well as to the facts alleged in the pleadings and matters of which judicial notice can be taken. See Banco Santander de Puerto Rico v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003); Nollet v. Justices of the Trial Court of Massachusetts, 83 F. Supp. 2d 204, 208 (D. Mass. 2000). See also Hollymatic Corp. v. Holly Sys., Inc., 620 F.Supp. 1366, 1367 (N.D. Ill. 1985) (in dismissing counterclaim, court considered contract attached to complaint and admissions in answer and in reply to counterclaim); Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676, 677 (5th Cir. 1961) (complaint dismissed where plaintiff claimed damages for wrongful termination of contract, but terms of contract, attached to complaint, showed that defendant had right to terminate agreement with or without cause).

B.     ADI Fails To State A Claim By Which It Could Be Entitled To Indemnity From Nautilus

ADI includes Nautilus in its counterclaim for indemnity but offers no allegation as to what would cause Nautilus to be liable in indemnity to it. There is no doctrine that would require Nautilus as Wunschel's and the Realty Trust's insurer and subrogee to indemnify ADI. Subrogation rights acquired by Nautilus through its payment of costs of defense and of settlement in the Ellis Action on behalf of Wunschel and the Realty Trust as a matter of insurance law and contract, see Frost v. Porter Leasing, 386 Mass. 425, 427 (1982), do not make it a wrongdoer answerable to ADI's counterclaim. Nautilus cannot be said to have in any way caused injury or death to Susan Castell and ADI makes no allegation to that effect. Furthermore, there is no contract between Nautilus and ADI, and there is no relationship between Nautilus and ADI from which an indemnity agreement could be inferred. Thus, there is no basis to sustain a

4

common law indemnity claim, an express contractual indemnity claim, or an implied contractual indemnity claim against Nautilus.  See <u>Decker v. Black & Decker Mfg. Co.</u>, 389 Mass. 35, 37 (1983) (listing three circumstances that can give rise to right of indemnification); <u>Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.</u>, 693 F. 2d 1, 2-3 (1st Cir. 1982) (listing same, applying Massachusetts law).[2]  ADI's counterclaim against Nautilus for indemnity should be dismissed.

C.     <u>ADI Is Not Entitled To Indemnity From Wunschel Or The Trust Because The Parties Expressly Agreed To A Different Allocation Of Risk And ADI Has Not Been Compelled By Law To Defend Against The Negligence Of Another</u>

Massachusetts recognizes three types of indemnity claims: express contractual indemnity, implied contractual indemnity, and common-law indemnity.  See <u>Decker v. Black & Decker Mfg. Co.</u>, 389 Mass. 35, 37 (1983) (discussing three types of indemnity); <u>Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.</u>, 693 F. 2d 1, 2-3 (1st Cir. 1982) (listing same, applying Massachusetts law).   ADI's amended counterclaim fails to state a claim upon which relief can be granted under any of them.

    1.     *ADI Makes No Claim For Express Or Implied Contractual Indemnity, And The Express Indemnity Contract In Favor Of Wunschel Would Preclude Implied Contractual Indemnity In Any Event.*

ADI's counterclaim asserts no express contractual indemnity rights; rather the contractual right of indemnity belongs to Wunschel and the Realty Trust.  Moreover, even under the liberal notice pleading standards of the Federal Rules, Fed. R. Civ. P. 8(a), ADI offers no plain

---

[2] Furthermore, there is no basis for ADI to claim that coverage could be afforded by Nautilus's commercial general liability policy for the asserted claim of ADI seeking indemnity from Wunschel or the Realty Trust because common law and implied contractual indemnity claims do not fall within the "insured contract" exception to commercial general liability insurance policy contractual exclusions.  <u>See</u>, e.g., <u>Garnet Constr. Co. v. Acadia Ins. Co.</u>, 61 Mass. App. Ct. 705, 708-09 (2004).

5

statement that fairly can be construed as asserting implied contractual indemnity rights. The amended counterclaim offers no allegation of the claimed relationship between the parties or of the mutual understanding that they reached as an intended result. (See Amended Counterclaim, ¶ 7.)

Furthermore, the courts will infer a contractual right to indemnity only when there are unique special factors demonstrating that the parties intended that the putative indemnitor bear the ultimate liability. Decker v. The Black & Decker Mfg. Co., 389 Mass. 35, 38 (1983). Mutual intent reflected by special factors forms the foundation of such a claim. See id. The usual case of implied contractual indemnity is one in which there is no written contract, or the written contract does not include any mention of indemnification; but special facts convince the fact-finder that the parties intended one of the parties to bear the risk. See id. This type of indemnity agreement has been referred to as an "implied-in-fact" agreement. See Hercules, Inc., v. United States, 516 U.S. 417, 424 (1996). Here, ADI admits that the plain terms of the Contract include at paragraph six an indemnity clause in favor of the "owner," that is, Wunschel and/or the Realty Trust. The circumstances alleged in this case reflect an express contractual agreement that ADI would indemnify Wunschel, not the other way around. This agreed allocation of the risk precludes imposition of a contrary implied-in-fact agreement. "The law will not imply a contract where there is an existing express contract on the same subject matter." Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 85 (1956) (citing cases); cf. Contract, attached as Exhibit 2 to Amd. Cmplt., ¶ 7 ("[a]ny agreements not signed as heretofore indicated shall be considered null and void"); Kelly v. Dimeo, Inc., 31 Mass. App. Ct. 626, 629-30 (1991) (commercial entities who fairly enter into contractual indemnity agreements should not be allowed to escape what they knowingly bargain for by arguing equitable and theoretical aspects

6

of common law indemnity doctrine), further appellate review denied, 412 Mass. 1102 (1992). The admitted terms of the Contract show the parties did not intend that Wunschel bear indemnity liability.[3]

       2.    *Massachusetts Has Refused To Recognize The Doctrine of Active-Passive Negligence As A Basis To Impose Indemnity.*

ADI's claim to indemnity on the grounds that its negligence was "passive" while that of Wunschel or the Realty Trust was "active" must fail because the doctrine of active-passive negligence has not been recognized in Massachusetts. Stewart v. Roy Bros., 358 Mass. 446, 458 (1970) (expressly declining to recognize active-passive negligence doctrine as a basis to impose tort-based indemnity).  The case of Stewart v. Roy Brothers involved an indemnity claim by a trucking company against an injured worker's employer.  In Stewart, the plaintiff was an employee of Standard Storage Company (Standard), a chemical-storage facility.  Id. at 448.  He was injured while transferring liquid chemicals to a tank truck owned and operated by Roy Brothers.  Id. at 449.  Stewart prevailed against Roy Brothers after a jury trial.  Id.  Roy Brothers sought indemnity from Standard on the ground that Standard committed active negligence while Roy Brothers was at most responsible for passive negligence.  Id. at 457.  The Supreme Judicial Court declined to adopt the doctrine of active-passive negligence and rejected Roy Brothers' contention that indemnity may be allowed between negligent parties where there is a great disparity between the nature and extent of their respective conduct.  See id. at 458.  The Court, reviewing the history of the common-law indemnity doctrine in Massachusetts, concluded that "[i]ndemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another."  Id. at 459.  See also Decker v.

---

[3] That the parties may dispute the scope of the indemnity agreement does not change that they expressed in writing an allocation of risk running in favor of Wunschel and/or the Realty Trust.

Black & Decker Mfg. Co., 389 Mass. 35, 40 (1983) (requirement for common-law indemnity is that would-be indemnitee cannot join in indemnitor's negligent act); Economy Engineering Co. v. Comm. of Massachusetts, 413 Mass. 791, 794 (1992) (common-law indemnity available only for formal or vicarious liability); Dan B. Dobbs, The Law Of Torts § 386 at 1079 (West 2000) (copy attached as Exhibit 1) ("[A]ctive-passive kind of indemnity is now in disrepute and probably has little or no future in apportioning responsibility among tortfeasors."). Although ADI alleges it "did not participate in the negligence of Wunschel and Realty Trust," non-participation in another's negligence is a mere defense to suit, not a basis to impose common-law indemnity. See Slocum v. Donohue, 44 Mass. App. Ct. 937, 938 (1998).

A later case from the Supreme Judicial Court has explained that it has been only in the rare "exceptional case" that common-law indemnity has been allowed in favor of a party whose negligence caused injury, and only where the negligence of the indemnitee was insignificant in relation to that of the indemnitor. See Rathbun v. Western Mass. Elec. Co., 395 Mass. 361, 364 (1985) (discussing small number of "exceptional" cases in which indemnity was allowed to negligent indemnitee). Each of those "exceptional cases" was decided before the legislature's enactment of the Uniform Contribution Act in Massachusetts, G.L. c. 258A, St. 1962, c. 730, § 1. Cf. Rathbun v. Western Mass. Elec. Co., 395 Mass. 361, 364 (1985) (citing cases decided in 1873, 1901, and 1943). Allowing indemnification between joint tortfeasors based upon relative degrees of fault is functionally indistinguishable from contribution based upon degrees of fault, but the Legislature expressly rejected proportional contribution when enacting chapter 258A in favor of a pro rata contribution scheme. Cf. Rathbun, 395 Mass. at 365 n.4 (recognizing this point).

Moreover, a thorough analysis of these "exceptional cases" cited by Rathbun shows that the exception was actually applied only once, in 1901. See Cartegna v. Lotus Devel. Corp., 14 Mass. L. Rep. 581, 582-83; 2002 Mass. Super. LEXIS 179, *10 (Mass. Super. Ct. June 3, 2002) (Fabricant, J.) (copy attached at Exhibit 2) (analyzing cases). In that one case, Boston Woven Hose & Rubber Company v. Kendall, 178 Mass. 232 (1901), an employer was held liable to its injured employees for failing to discover a defect in a boiler used by the employees in its business. Despite its own negligence vis-à-vis its employees, the employer was entitled to indemnity from the manufacturer of the boiler because it reasonably relied on the warranty or representations of the manufacturer. See id. at 237. Boston Woven is not applicable here because ADI is not a purchaser of a defective machine who reasonably relied upon a warranty or misrepresentation of a manufacturer. This is not a products liability case and ADI was not in a master-servant relationship with Ms. Castell. Compare Cartegna, 14 Mass. L. Rep. at 582; 2002 Mass. Super. LEXIS at *6 (allowing common law indemnity claim to go forward only because facts were "remarkably similar" to those in Boston Woven Hose). The Boston Woven Hose decision is better understood as a breach of warranty case where the measure of damages from the boiler manufacturer's breach included consequential damages. See Mass. Gen. Laws c. 106, § 2-313 to 2-315 (express and implied warranties); § 2-714 to 2-715 (availability of consequential damages for breach of warranty); § 2-715, cmt. c. (citing Boston Woven Hose). In the 100 years since Boston Woven Hose, the Supreme Judicial Court has limited common-law indemnity only to those who have been held only constructively or vicariously liable for another's negligence. See Cartagena, 14 Mass. L. Rep. at 583, 2002 Mass. Super. LEXIS at *10.

>    3.  *ADI Makes No Allegation That It Has Been Compelled By Law To Defend Against The Negligence Of Another.*

"Indemnity . . . allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including reasonable attorney's fees." Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Noted commentators have viewed tort-based indemnity as permissible in only a few situations of vicarious or constructive liability: employers are entitled to indemnity from employees when the employer satisfies a judgment of the employee's tort; retailers who are held liable without fault for products defective when they left a manufacturer's hands are entitled to indemnity against the manufacturer; and one who reasonably acts on the directions of another, or on another's misrepresentation, and who justifiably believes he or she was acting properly, may be entitled to indemnification from the other. Compare Dobbs, The Law of Torts § 386 at 1079 (listing limited situations in which indemnity traditionally is permitted) with Karcher v. Burbank, 303 Mass. 303, 305, 308 (1939) (employer when liability is derivative or secondary of negligence of his servant because of respondeat superior is entitled to indemnity); Central Trust v. Rudnick, 310 Mass. 239, 246-47 (1941) (agent who has incurred liability or sustained loss in properly executing instructions of his principal has right to look for exoneration from that liability or reimbursement for that loss); Russell v. Walker, 150 Mass. 531, 533 (1890) (sheriff sued for attaching wrong goods not entitled to indemnity from creditor seeking attachment where creditor did not direct sheriff to attach specific goods or in any way control the officer in execution of the attachment).

Here, ADI makes no allegation of a relationship between it and Wunschel under which ADI could be compelled by operation of law to defend itself for a wrongful act of Wunschel. ADI does not allege that it is the employer of Wunschel, that it was the retailer of products

manufactured by Wunschel, or that it acted on the directions of or misrepresentation of Wunschel in going about the Sutton Street work. See Contract, ¶ 13 ("All permits and licenses necessary for the completion and execution of the work shall be secured and paid for by the contractor. If the contractor observes that the proposed construction is at variance with applicable laws, rules, ordinances, and/or regulations bearing on the conduct of the work, he shall promptly notify the owner in writing."). ADI fails to make any allegation of how it could be held vicariously or constructively liable merely because of the conduct of Wunschel. See Slocum v. Donahue, 44 Mass. App. Ct. 937, 939 (1998) (no indemnity where would-be indemnitee could not have been liable to plaintiff for conduct of indemnitor).[4]

The Ellis Action plaintiff alleged in state court that ADI was negligent in failing to comply with the building code when it performed work on the Sutton Street property, and that ADI's negligence caused the death of Susan Castell. (Amd. Cmplt. Ex. 3). Thus, ADI was called upon to defend its own negligence, not any wrongful act of another. An argument that the conduct of others, such as Wunschel or the Realty Trust, caused Susan Castell's death is merely a potential defense to the plaintiff's claims in the Ellis Action and do not give rise to a right to common law indemnification. See Slocum, 44 Mass. App. Ct. at 939 (no indemnity against car manufacturer where jury had found would-be indemnitee guilty of negligent driving).

---

[4] In Slocum, the plaintiffs filed an action against the defendant, claiming that they were injured as a result of defendant's negligent driving of an automobile. 44 Mass. App. Ct. at 937. The defendant filed a third party complaint for indemnity against Ford Motor Company, the manufacturer of the car the defendant was driving. Id. The court held that under no set of circumstances could the jury have held the defendant liable to plaintiffs for the conduct of Ford, and therefore indemnity was not appropriate. See id.

## CONCLUSION

For the reasons stated in the Plaintiffs' motion and this memorandum, ADI's amended counterclaim should be dismissed.

Respectfully submitted,

344 PROVIDENCE ROAD REALTY TRUST
RICHARD J. WUNSCHEL, and
NAUTILUS INSURANCE COMPANY

By their attorneys,

*/s/ Matthew J. Walko*
*/s/ Christina Schenk-Hargrove*
_____
Matthew J. Walko (BBO No. 562172)
Christina Schenk-Hargrove (BBO No. 645164)

SMITH & DUGGAN LLP
Two Center Plaza
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated:  April 7, 2005