UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY, TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY,<br>    Plaintiffs,<br><br>v.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC.,<br>    Defendants. | CIVIL ACTION NO. 04-40197-FDS |

BRIEF IN SUPPORT OF MOTION OF
DEFENDANT AMERICAN SAFETY RISK RETENTION GROUP, INC.
FOR JUDGMENT ON THE PLEADINGS

**CLARK, HUNT & EMBRY**

William J. Hunt (244720)
Armando J. Acosta (648242)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

**INTRODUCTION**

In their Amended Complaint, the plaintiffs, 344 Providence Road Realty Trust ("the 344 Realty Trust"), Richard J. Wunschel ("Wunschel"), and Nautilus Insurance Company ("Nautilus") seek declaratory judgment, damages for breach of contract, and damages for unfair or deceptive business practices pursuant to Mass. Gen. Laws c. 93A and c. 176D. This declaratory judgment action is based on a contract entered into by and between, Wunschel, individually, and defendant Architectural Deleading, Inc. ("ADI") to perform lead abatement services and furnish other materials ("Deleading Contract") at the apartment building owned by the 344 Realty Trust. At the time ADI was performing these services, the defendant, American Safety Risk Retention Group, Inc. ("Risk Retention") had issued a written contract of commercial general liability ("CGL") naming ADI as the named insured.

For the reasons that follow, Risk Retention respectfully urges this Honorable Court to grant judgment in its favor, based on the face of the pleadings, pursuant to Fed. R. Civ. P. 12(c), on the grounds that the plaintiffs, the 344 Realty Trust and Nautilus, as its subrogated insurer, lack the requisite standing to pursue a declaratory judgment action to declare that Risk Retention is contractually obligated to provide coverage, and thus indemnify the plaintiffs, for their costs in defending the underlying wrongful death state action. Specifically, neither the 344 Realty Trust, nor Nautilus, were a party to the Deleading Contract signed by and between Wunschel, as a private individual, and ADI.

In the alternative, Risk Retention requests judgment on the pleadings because Nautilus is seeking the same rights and remedies that the 344 Realty Trust, its insured, has by virtue of subrogation. Thus, Risk Retention should not be forced to defend duplicative claims from the 344 Realty Trust and Nautilus, as its subrogated

insurer, because, assuming that Nautilus does have subrogation rights, Nautilus can only succeed to all the rights and remedies that its insured would have had, and Nautilus' insured is actively asserting those claims.

## **STATEMENT OF THE CASE**

On or about July 29, 1997, ADI entered into the Deleading Contract with Wunschel to perform lead abatement services at the apartment building located at 11-21 Sutton Street, Northbridge, MA. A copy of the Deleading Contract is attached to the plaintiffs' Amended Complaint as Exhibit 2. The Deleading Contract contains a clause whereby ADI would

> defend, indemnify and hold harmless [Wunschel] from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from contractor's operations under [the lead] contract.

Exhibit 2 of Amended Complaint, ¶ 6. In addition, ADI was contractually obligated to acquire all permits and licenses, and perform all work in conformance with applicable local codes and requirements. See Exhibit 2 of Amended Complaint, ¶ 13. For the purpose of this Motion for judgment on the pleadings *only*, Risk Retention stipulates that ADI did not acquire all permits and licenses, or perform its work in conformance with the local codes and requirements.

According to the plaintiff's Amended Complaint, the 344 Realty Trust is the record owner of the apartments located at 11-21 Sutton Street, Northbridge. See Amended Complaint, ¶ 3. Wunschel is the Trustee of the 344 Realty Trust. See id. at ¶ 4. Nautilus is the insurance carrier of the 344 Realty Trust. See id. at ¶ 22.

On or about December 6, 2000, Kerri Ellis, as Administratrix of the Estate of Susan E. Castell, commenced a state civil action in the Worcester Superior Court

against the 344 Realty Trust and Wunschel (the "Ellis Action").  See Amended Complaint, ¶ 21.  ADI was not joined as a defendant until March 28, 2003.

Neither Wunschel, the 344 Realty Trust, nor Nautilus has alleged that they are additional named insureds under the Risk Retention CGL policy issued to ADI.  Their only basis for bringing this declaratory judgment action is that they allege that the Deleading Contract between Wunschel and ADI is an "insured contract" under the terms of CGL issued to ADI.  In addition, they allege that under the contract, ADI, and thus Risk Retention, is obligated to defend and indemnify Wunschel, the 344 Realty Trust, and Nautilus, as the subrogated insurer of the 344 Realty Trust.

As can be gleaned from reading the Deleading Contract, the agreement was by and between ADI, "the 'contractor', and Richard Wunschel.  See Exhibit 2 of Amended Complaint.  Noticeably absent as a party from the Deleading Contract is the 344 Realty Trust.  If Wunschel had intended that the Deleading Contract be between ADI and the 344 Realty Trust, all he had to do was write or sign, "Richard Wunschel, as Trustee of the 344 Providence Road Realty Trust."  He had the opportunity to do this twice in the Deleading Contract, once on the cover page, and once on the signature page.  Twice, he failed to do this.  Thus, the 344 Realty Trust lacks standing to sue in this matter under the terms of the Deleading Contract.  In addition, because Nautilus insures the 344 Realty Trust, Nautilus, for its part, has no standing to sue because *both* the insurer and the insured cannot have the same rights and, in any event, Nautilus' rights rise only as high as those of its insured.  Thus, the only proper party in this declaratory action is Wunschel, the individual, and all other parties must be dismissed.

**ARGUMENT**

A. **THE PLEADINGS ARE CLOSED AND THIS MOTION IS THEREFORE TIMELY.**

Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings at any time "after the pleadings are closed," as long as the motion does not delay the trial. Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 37-38 (1st Cir. 2004). "When addressing a Rule 12(c) motion, a court should typically consider only information and materials contained in the pleadings." Springfield Library & Museum Ass'n v. Knoedler Archivum, Inc., 341 F. Supp. 2d 32, 36 (D. Mass. 2004), citing Gulf Coast Bank & Trust, 355 F.3d at 38. Here, the plaintiffs have filed an amended complaint and the defendants have answered and counterclaimed. The plaintiffs have filed an answer to the defendant's counterclaim. Therefore, the pleadings are closed and this Motion for judgment on the pleadings is appropriate.

The standard of review for a motion for judgment on the pleadings under Fed. R. Civ. P. 12 (c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Moghaddam v. Dunkin' Donuts, Inc., 295 F. Supp. 2d 136, 138-139 (D. Mass. 2003), citing Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). In reviewing a motion for judgment on the pleadings under Rule 12(c), a court must accept as true all factual averments of the complaint and draw all reasonable inferences in the plaintiffs' favor. See Petricca v. City of Gardner, 194 F. Supp. 2d 1, 4 (D. Mass. 2002); Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). "A court's inquiry is a limited one, focusing not on whether the plaintiff will ultimately prevail but on whether the plaintiff should be entitled to offer evidence to support a claim." Canty v. Old Rochester Regional Sch. Dist., 54 F. Supp. 2d 66, 68 (D. Mass. 1999), citing Doe v. Londonderry Sch. Dist., 970 F. Supp. 64, 70 (D. N.H. 1997).

In the instant matter, the plaintiffs' Amended Complaint should be dismissed, as neither the 344 Realty Trust, nor Nautilus, as subrogee of the 344 Realty Trust, can offer any evidence that they have standing to sue for declaratory judgment, as they were not a party to the Deleading Contract between ADI and Wunschel, the individual.

**B.    NEITHER THE 344 REALTY TRUST, WUNSCHEL, IN HIS CAPACITY AS TRUSTEE OF THE 344 REALTY TRUST, NOR NAUTILUS WERE PARTIES TO THE DELEADING CONTRACT BETWEEN ADI AND WUNSCHEL.**

Under the Constitution of the United States, a federal court has but limited jurisdiction and can hear only disputes that raise an actual "case or controversy" between the parties before it. Furtick v. Medford Hous. Auth., 963 F. Supp. 64, 67-68 (D. Mass. 1997), citing U.S. Const. Art. 3, § 2; see also, Allen v. Wright, 468 U.S. 737, 750, 82 L. Ed. 2d 556, 104 S. Ct. 3315 (1984). It is argued that the plaintiffs in the instant action cannot show that an actual controversy exists, because, although co-defendants in a state action, the plaintiffs have no interests or rights in the insurance contract between ADI and Risk Retention, or the coverage dispute between ADI and its insurer. Thus, because they cannot show that an actual controversy exists, judgment on the pleadings is warranted.

In addition, "standing to sue or defend is an aspect of the case or controversy requirement." Arizonans for Official English v. Ariz., 520 U.S. 43, 64; 117 S. Ct. 1055; 137 L. Ed. 2d 170 (1997), citing Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville, 508 U.S. 656, 663-664, 124 L. Ed. 2d 586, 113 S. Ct. 2297 (1993) (standing to sue); Diamond v. Charles, 476 U.S. 54, 56, 90 L. Ed. 2d 48, 106 S. Ct. 1697 (1986) (standing to defend on appeal). The burden to establish standing lies with the party invoking federal jurisdiction. See Mangual v. Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003), citing Bennett v. Spear, 520 U.S. 154, 167-68, 137 L. Ed. 2d 281, 117 S. Ct. 1154 (1997). A plaintiff must show:

> that (1) he or she personally has suffered some actual or threatened injury as a result of the challenged conduct; (2) the injury can be fairly traced to that conduct; and (3) the injury likely will be redressed by a favorable decision from the court.

Id. quoting N.H. Right to Life PAC v. Gardner, 99 F.3d 8, 13 (1st Cir. 1996) (*internal citations omitted*).

It is undisputed that the basis of the plaintiffs' Amended Complaint for declaratory judgment, seeking that this Court declare that Risk Retention must provide a defense and indemnification to the plaintiffs, is that the Deleading Contract is an "insured contract" under the CGL. See Amended Complaint, ¶¶ 14, 19, 22, 36, 38.

It is also undisputed that the 344 Realty Trust was not a party to the Deleading Contract. The Deleading Contract merely states that the agreement is by and between ADI, the contractor, and Richard Wunschel. See Exhibit 2 to Amended Complaint. Wunschel did not sign the Deleading Contract in any capacity other than as an individual, in his private capacity, giving his home address at 30 Lackey Dam Road, East Douglas, MA. See id. Thus, because Wunschel signed the Deleading Contract in his individual capacity, and makes no mention, anywhere in the Deleading Contract, that the 344 Realty Trust is the record owner of the Sutton Street properties, the 344 Realty Trust is not a party to this agreement, and thus, it has no rights under the Deleading Contract. Accordingly, it has no standing to sue under the insured contract in federal court. Nautilus must also suffer the same fate. Nautilus likewise has no rights to indemnification because the Deleading Contract, that contains the express indemnification clause, is by and between Wunschel and ADI, and not ADI and Nautilus. Therefore, Nautilus itself has no rights under the express indemnification clause contained in the Deleading Contract.

Thus, because neither of the plaintiffs can meet their burden that they have standing to sue under the "insured contract" in federal court, this declaratory judgment action must be dismissed.

**C.    ONLY THE INSURED, OR THE INSURER, HAS THE RIGHT TO SUE FOR THE SAME INCIDENT, NOT BOTH.**

In their amended complaint, the plaintiffs, specifically Nautilus, refers to itself as the 344 Realty Trust's and Wunschel's "subrogated insurer." The term subrogation has been defined as:

> an equitable adjustment of rights that operates when a creditor or victim of loss is entitled to recover from two sources, one of which bears a primary legal responsibility. If the secondary source (the subrogee) pays the obligation, it *succeeds to the rights of the party it has paid* (the creditor or loss victim, called the subrogor) against the third primarily liable party.

Frost v. Porter Leasing Corp., 386 Mass. 425, 426-427 (1982) [emphasis added]. See also Travelers Ins. Co. v. Graye, 358 Mass. 238, 240-241 (1970). Thus, when an insurer pays an insured's whole claim under its insurance contract, any rights of action the insured may have against the alleged tortfeasor will be transferred to the insurer, and the insurer may bring a subrogation action in its own name, or on behalf of an insured against a tortfeasor. See Liberty Mut. Ins. Co. v. National Consol. Warehouses, Inc., 34 Mass. App. Ct. 293, 296 (1993), citing New England Gas & Elec. Assn. v. Ocean Acc. & Guar. Corp., 330 Mass. 640, 659 (1953); Travelers Ins. Co. v. Graye, 358 Mass. 238, 240-241 (1970). Therefore, either the insured, or the insurer, has the right to sue. One or the other has this right, but not both.

## CONCLUSION

The plaintiffs, the 344 Realty Trust and Nautilus, as its subrogated insurer, lack the requisite standing to pursue a declaratory judgment action to declare that Risk Retention is contractually obligated to provide coverage. Specifically, neither the

344 Realty Trust nor Nautilus were a party to the Deleading Contract signed by and between Wunschel, as a private individual, and ADI, and thus, neither plaintiff has standing to sue in this declaratory judgment action. Therefore, the defendant, American Safety Risk Retention Group, Inc. respectfully requests that this Court enter judgment on the pleadings in its favor, and dismiss this declaratory judgment action.

> Respectfully submitted,
> on behalf of the defendant,
> American Safety Risk Retention
> Group, by their attorneys,
>
> **CLARK, HUNT & EMBRY**
>
> /s/ Armando J. Acosta
> _____
> William J. Hunt (BBO #244720)
> Armando J. Acosta (BBO #648242)
> 55 Cambridge Parkway
> Cambridge, MA 02142
> (617) 494-1920

Date: April 29, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2005, I caused copies of the foregoing document to be served on counsel to the parties to this action and on counsel or representatives of the movants for intervention by first class mail.

> /s/ Armando J. Acosta
> _____
> Armando J. Acosta