UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, | : | |
| RICHARD J. WUNSCHEL, and | : | |
| NAUTILUS INSURANCE COMPANY, | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | Civil Action No. 04-40197-FDS |
| | : | |
| AMERICAN SAFETY RISK RETENTION | : | |
| GROUP, INC. and ARCHITECTURAL | : | **Oral Argument Requested** |
| DELEADING, INC. | : | |
|     Defendants | : | |
| ——————————————————— | : | |

**Memorandum of 344 Providence Road Realty Trust, Richard J. Wunschel
and Nautilus Insurance Company in Opposition to Motion of
Architectural Deleading, Inc., for Judgment on the Pleadings**

**<u>Introduction</u>**

Plaintiffs Richard J. Wunschel ("Wunschel"), 344 Providence Road Realty Trust ("Realty

Trust") and Nautilus Insurance Company ("Nautilus") submit this memorandum in opposition to

the Motion of Defendant Architectural Deleading, Inc., ("ADI") for Judgment on the Pleadings.

ADI's motion fails to hurdle the notice pleading standards that govern Rule 12(c) motions and

fails to recognize that in its answer it admitted the "common, undivided and joint interest" of the

plaintiffs to assert their claims, admitted that a justiciable controversy existed, and requested

adjudication of the very claims as to which it now argues there is no case or controversy.

Accepted principles of contractual and equitable subrogation allow Nautilus to seek a judgment

in its favor as well, based upon the rights of either or both of its two named insureds, Wunschel

and the Realty Trust.  For these reasons and those more fully set forth in this memorandum,

ADI's motion for judgment on the pleadings should be denied.

I.    **Courts Deny Rule 12(c) Relief Unless, Accepting The Complaint As True And Drawing Inferences In Favor Of Plaintiffs, It Appears Without Doubt That Plaintiffs Can Recover Under No Set Of Facts**

The standard for judging a motion on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). In reviewing a motion for judgment on the pleadings under Rule 12(c), a court must accept as true all factual averments in the complaint and draw all reasonable inferences in the plaintiffs' favor. See Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002) (reaffirming Scheurer v. Rhodes, 416 U.S. 232, 236 (1974) and Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993)). The complaint should not be dismissed unless it appears without doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. See Santiago de Castro, 943 F.2d at 130. The defendants can succeed on their motion only if it clearly appears that plaintiffs cannot recover on any viable theory. Canty v. Old Rochester Regional Sch. Dist., 54 F. Supp. 2d 66, 68 (D. Mass. 1999) (focus should not be on ultimate merits but on whether plaintiff should be entitled to offer evidence to support claim). Because a Rule 12(c) motion seeks a judgment, the important policy of ensuring litigants a full and fair hearing on the merits weighs against granting a Rule 12(c) motion in all but the clearest circumstances. See Springfield Library & Museum Ass'n v. Knoedler Archivum, Inc., 341 F. Supp. 2d 32, 36 (D. Mass. 2004).

## II.     ADI Has Not Challenged Claims Advanced By Wunschel

ADI's motion makes no challenge to the standing of Wunschel to seek relief against it. As ADI admits in its brief,[1] ADI entered into a contract ("the Contract") on or about July 29, 1997, to perform services and furnish materials with respect to an apartment building located at 11 to 21 Sutton Street, Northbridge, Massachusetts. (Amended Complaint, ¶ 15.) As to ADI, the Amended Complaint seeks (1) a declaration that ADI is obligated by the Contract to indemnify Wunschel, the Realty Trust, and/or Nautilus as their subrogee, for the attorneys' fees, expenses, costs and liability imposed upon them with respect to the Ellis Action, and (2) an adjudication that ADI failed to perform its indemnity obligations and breached the Contract. (Amended Complaint, ¶¶ 42, 46.) Because ADI does not challenge the standing of Wunschel to seek the relief sought in either Count I or Count II, neither of those counts are in dispute as to him.

## III.     ADI Has Admitted The Common, Undivided And Joint Interest Of Plaintiffs To Assert Their Claims And Has Waived An Ability To Contest That Admission Under Fed. R. Civ. P. 9(a)

Federal Rule of Civil Procedure 9(a) does not require the plaintiffs to aver the capacity in which they sue or even that they sue in a representative capacity, except to the extent required to show the jurisdiction of the court (in this case diversity of citizenship jurisdiction, which was done). The Civil Rules thus anticipate that pleading niceties will not delay the progress of litigation towards the merits of a dispute. Rule 9(a) further provides that

> [w]hen a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly with the pleader's knowledge.

---

[1] See Brief In Support Of Motion Of Defendant Architectural Deleading, Inc., For Judgment On The Pleadings [hereinafter "ADI Rule 12(c) Brief"] at 2.

Fed. R. Civ. P. 9(a) (emphasis added).

In the Answer Of Defendant Architectural Deleading, Inc., To Amended Complaint, *Amended* Counterclaim And Jury Demand at paragraph 10, ADI answered "[t]he defendant admits the allegations contained in paragraph 10 of the plaintiffs' amended complaint." The allegation admitted reads:

> This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332(a) because of the diversity of citizenship of the parties involving matters in controversy with respect to each plaintiff <u>and/or with respect to the common, undivided and joint interest of several of the plaintiffs</u> in excess of $75,000 exclusive of interest and costs.

Amended Complaint ¶ 10 (emphasis added). ADI waived its opportunity, and moreover disregarded its mandatory obligation under Rule 9(a), to dispute that the interest of Wunschel, the Realty Trust and/or Nautilus was other than a common, undivided and joint one. Not only did ADI admit these allegations in its amended answer to the Amended Complaint but it also admitted the same allegation in its original answer. (See Answer Of Defendant Architectural Deleading, Inc., To Amended Complaint, Counterclaim And Jury Demand, ¶ 10.) The admission of paragraph ten of the Amended Complaint dooms the relief that it seeks by way of a Rule 12(c) motion. The Court need not analyze the question further.

If the Court were to conduct additional analysis, it would recognize that ADI admitted at paragraph 16 of the Amended Complaint that a true copy of the contract was attached to the complaint, but never by specific negative averment raised any defense that the way in which the agreement was signed deprived either Nautilus or the Realty Trust with a capacity to sue either in their own names or in a representative capacity. Rule 9(a) prevents it from doing so now. Fed. R. Civ. P. 9(a). The twelfth defense raised by ADI in its Amended Answer states that "no privity of contract exists between [ADI] and the plaintiff, wherefore the plaintiffs are barred from

4

recovery in this action." This defense does not comply with Rule 9(a) because it challenges the capacity of the plaintiffs to sue, but pleads no particulars. It also fails to comply with Federal Rule of Civil Procedure 9(c) because privity of contract is a condition precedent to suit on a contract, the denial of the performance or occurrence of which by rule "shall be made specifically and with particularity," which was not done.

In addition, in response to paragraph twenty-two of the Amended Complaint in which Nautilus alleged it provided a defense to Wunschel and the Realty Trust in the Ellis Action, incurred attorneys' fees, costs and expenses in defense of the Ellis Action, and accordingly was subrogated to the rights of Wunschel and the Realty Trust, ADI makes no specific negative averment but offers a denial only because it was "without knowledge as to the truth or falsity of the allegations contained in paragraph 22 of the plaintiff's amended complaint . . . ." This does not meet the requirement of Rule 9(a). In its answer to paragraph 32 of the amended complaint, ADI admitted that Nautilus agreed to pay $300,000 "on behalf of Wunschel and the Realty Trust" to secure a settlement of the claims of the plaintiff in the Ellis Action. It cannot negative the rights of Nautilus to sue that follow from this admission. Having failed to contest by specific negative averment the authority of the Realty Trust to bring its claims and the authority of Nautilus to sue in a representative capacity in accordance with Federal Rule of Civil Procedure 9(a), it may not do so now.

## IV.    The Controversy Over The Parties' Obligations Under The Contract And The Damages Caused To The Realty Trust And Nautilus By ADI's Breach Of Contract Will Be Redressed By This Action

A.    Damage Caused By ADI's Refusal To Indemnify The Plaintiffs And
      By Its Breach Of Contract Present A Case Of Actual Controversy As
      ADI Previously Agreed

ADI agreed in its Amended Answer to paragraph 42 of the Amended Complaint that "a

justiciable controversy exists," and admitted at paragraph 54 that it "join[ed] in the request of the

plaintiffs that this Court adjudicate this controversy."  ADI now, however, attempts to reverse

course and claims that no actual controversy exists between it and Nautilus and the Realty Trust

because neither has standing to sue on the contract.  See ADI Rule 12(c) Brief at 5-6.  It presents

its argument as a matter of constitutional dimension citing Supreme Court standing precedent

under Article III of the United States Constitution.  See ADI Rule 12(c) Brief at 5.  Article III of

the Constitution and the Declaratory Judgment Act limit the exercise of judicial power to "cases"

or "controversies."  U.S. Const., Art. III; 28 U.S. C. § 2201.  See also  Aetna Life Ins. Co. v.

Hayworth, 300 U.S. 227, 239-40 (1937) (insurance company had standing to pursue declaratory

judgment action because dispute relating to legal rights and obligations arising from contracts of

insurance presented case of actual controversy); GTE Directories Pub. Corp. v. Trinan America,

Inc., 67 F.3d 1563, 1568-69 (11th Cir. 1995) (declaration of rights under advertising contract);

National R.R. Passenger Corp v. Consol. Rail Corp., 670 F.Supp. 424, 427-28 (declaration of

rights under indemnity agreement); Fed. R. Civ. P. 57.  A "controversy" is one that is appropriate

for judicial determination admitting of specific relief through a decree of a conclusive character,

as distinguished from an opinion advising what the law would be upon a hypothetical state of

facts.  Aetna Life, 300 U.S. at 240.  An action seeking declaratory relief relating to contract

terms and seeking money damages for breach of contract is a controversy appropriate for judicial

resolution.  Here no facts need be hypothesized, but only proven to secure relief.  The

declaratory and direct relief sought by the plaintiffs with respect to money damages and the

plaintiffs' financial interest in contractual benefits ensure the concrete adverseness that Article III demands.  Moreover, since ADI agreed in its Amended Answer that "a justiciable controversy exists," and admitted that it "join[ed] in the request of the plaintiffs that this Court adjudicate this controversy," Rule 12 (c) relief is improper.

Furthermore, the plaintiffs allege real "pocketbook" injuries of a type that have always satisfied the Constitution's case and controversy requirement.  See, e.g., Barrows v. Jackson, 346 U.S. 249, 256 (1953).  Businesses including insurers can seek redress of their pocketbook injuries even when subrogation is involved.  See, e.g., Lexington Ins. Co. v. All Regions Chem. Labs, 419 Mass. 712, 713 (1995) (upon payment of a loss the insurer is entitled to be subrogated to pursue contract action of insured as well as any right of action against a third person whose negligence or wrong caused the loss); New England Gas & Elec. Ass'n v. Ocean Acc. & Guar. Corp., 330 Mass. 640, 659 (1953) (insurer of electric company, which was required to pay for direct and consequential damage caused by turbine spindle failure, was entitled to be subrogated to insured's contract rights against turbine manufacturer).  The dispute between the parties here is not academic or moot, Aetna Life, 300 U.S. at 240, but involves actual events that have transpired and damages well in excess of $300,000.

> **B.     Facts Can Be Proven To Show That The Realty Trust Was A Party To The Contract Or A Party Intended To Receive The Benefits Of The Contract**
>
> > 1.     ADI's Knowledge Of The Realty Trust's Ownership Interest and/or Wunschel's Trustee Status May Be Proven By Parole Evidence

ADI seeks Rule 12(c) relief on the ground that "it is undisputed that the Trust was not a party to the Deleading Contract."  ADI Rule 12(c) Brief at 6.  There is, however, a dispute on that point.  A motion for judgment on the pleadings cannot ignore the pleadings.  Under the

standard of review of a Rule 12(c) motion, the Court must accept as true paragraph ten of the amended complaint, which ADI has admitted, that the Realty Trust and Nautilus have a common, undivided and joint interest that provides them a basis to sue here.  If the Court for some reason were to disregard that allegation and admission, it still must accept that the plaintiffs allege Wunschel signed the contract in his capacity as trustee of the Realty Trust.  (See Amended Complaint, ¶ 15.)  ADI counters in its Brief (but not in its Amended Answer) that Wunschel signed the contract "as a private individual," "in his private capacity," see ADI Rule 12(c) Brief at 2, 4, 6, 7; yet, the contract itself does not exhibit this restrictive language that ADI hypothecates.  The contract is between a party named the "Contractor" and another named an "Owner."  Amended Complaint Ex. 2.  Discovery in this action has yet to explore what ADI knew about the Realty Trust as owner of the Sutton Street property and Wunschel's role as its trustee, whether as a matter of knowledge gained in communications with Wunschel directly or with the Southern Middlesex Opportunity Council (SMOC) or otherwise.

For example, the Notification of Deleading Work signed by ADI before the contract was executed (which was produced in discovery in the Ellis Action, in which action this issue was not raised) already shows that ADI knew that Wunschel was the trustee of the Realty Trust, and that the Realty Trust was the owner of the property that was the subject of the Contract.  (See Notification of Deleading Work signed by ADI attached as Exhibit 1.)[2]   ADI asserts that only

---

[2] The plaintiffs do not offer extra pleading evidence in a sense that would permit a court to treat a Rule 12(c) motion as one for summary judgment, see Rubert-Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 475-76 (1st Cir. 2000) (discovery conversion), but only to illustrate that they have a real potential of proving a set of facts in support of their claim that would entitle them to relief. If the Court were to provide notice, however, of its intent to convert ADI's motion to one for summary judgment, Collier v. City of Chicopee, 158 F. 3d 601, 603 (1st Cir. 1998), the undersigned declares under the penalties of perjury that initial disclosures have just taken place under the Court's Scheduling Order, and no party has yet had a fair opportunity to conduct discovery with respect to ADI's knowledge of the role of the Realty Trust with respect to the

Wunschel's personal home address appears on the contract, ADI Rule 12(c) Brief at 6, but that same address is listed for the Realty Trust on the Notification of Deleading Work that ADI signed.  ADI leaps to an unwarranted legal conclusion that because language in the contract did not mention whether Wunschel signed as the trustee of the Realty Trust, ADI was in fact ignorant and/or could not be held to have known that circumstance.

Significantly, the contract has no explicit complete integration clause that would bar parole evidence, only a clause with respect to written modifications.  Parole evidence as to the parties' understanding of the Realty Trust's ownership interest, Wunschel's role as its trustee, and the intended beneficiaries of the contract (discussed below) may be proven.  Robert Indus., Inc. v. Spence, 362 Mass. 751, 754 (1973) (parole evidence generally permissible to show circumstances of parties, not for purpose of contradicting or changing contract's terms, but for elucidating them).  This evidence will show that ADI had actual knowledge that Wunschel was signing as trustee of the trust that owned the property and/or the Realty Trust was a party to the contract.  These facts as can be proven prohibit dismissal under the standard of review governing a motion for judgment on the pleadings.

2.    ADI Makes No Argument That Apart From
Article III Standing Jurisprudence, Massachusetts Contract
Law Bars The Claims Of The Realty Trust Or Nautilus

ADI's resort to constitutional jurisprudence to advance its standing argument is misplaced, but it has not proffered as an alternative any analysis of Massachusetts contract law to examine whether the Realty Trust or Nautilus is a proper plaintiff.  Since ADI has made no argument with respect to any such precedent, the Court should not act as its counsel tipping the scales to make legal arguments not pressed in its brief.  To the extent that some other doctrine

---

contract or Wunschel's trustee status because those issues were not raised in the Ellis Action. Fed. R. Civ. P. 56(f).

might better support its misguided plea, pertinent legal argument has not been fairly presented in accordance with the requirements of Local Rule 7.1 and any such other potential doctrines should not in all fairness to the non-moving party be considered at all.  Cf. North Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 45 (2001) ("There are few principles more securely settled in this court than the principle which holds that, absent exceptional circumstances, an appellant cannot raise an argument for the first time in a reply brief.")

> 3.    Facts Can Be Proven To Show The Realty Trust and/or
>       Nautilus Were Intended Third Party Beneficiaries Of ADI's
>       Indemnity Promise and The Realty Trust Has Rights Under
>       Established Undisclosed Principal Agency Law

A claim that a party cannot sue on a contract because it is a non-signatory is not one of Constitutional dimension, but typically is analyzed in terms of third-party beneficiary contract law.  See also Fed. R. Civ. P. 17(a) (discussing third–party beneficiary plaintiffs).  In Massachusetts, when one person for a valuable consideration engages with another by simple contract to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of such engagement.  Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982).  Mere incidental beneficiaries may not recover on the contract, but intended beneficiaries as that status is interpreted under Massachusetts law may.  See Flattery v. Gregory, 397 Mass. 143, 148-49 (1986).  For example, the Supreme Judicial Court has held that a non-party to a contract could sue to enforce a promise to pay legal fees of another, see Choate, Hall & Stewart v. SCA Servs., Inc., 378 Mass. 535, 544-45 (1979) (discussing third-party beneficiary rights of non-signatory law firm); Margolies v. Hopkins, 401 Mass. 88, 90 (1987) (attorney could sue to recover fees from husband who had agreed with wife to pay the fees she had incurred) — a situation conceptually indistinguishable from the case at bar.  Here the indemnity and hold harmless agreement is one promising to pay the defense costs of another.

Those who incur those defense costs are intended beneficiaries of the promise.  One whose protection must have been within the contemplation of the parties at the time of the execution of the contract will be entitled to relief as a third-party beneficiary.  See Wincek v. Town of West Springfield, 399 Mass. 700, 703 (1987).  Such is the case here.

Although some contracts include a clause stating that there may be no third party beneficiaries, see Scott J. Burnham, The Contract Drafting Guidebook 300-301 (The Michie Co., 2d ed., 1992), the contract at issue here contains no such restrictive language.  Recall that both the Realty Trust and Wunschel were named as defendants in the state court action.  The Ellis Action Second Amended Complaint treated both the same, with Count I negligence, Count II conscious pain and suffering, Count III wrongful death, and Count IV gross negligence all framed against "Wunschel and 344 Providence Road Realty Trust" as "Defendants" without distinction.  See Amended Complaint Ex. 3.  Both Wunschel and the Realty Trust were named insureds on the Nautilus Policy.  The defense provided for Wunschel was the same as that provided for the Realty Trust so the expenses incurred in defense of the claim including the $300,000 settlement paid are inextricably intertwined and recoverable, regardless of whether Wunschel or the Realty Trust signed the Contract.  On the motion to dismiss standard on which ADI's Rule 12(c) motion is evaluated, the intended/incidental beneficiary issue cannot be determined as a matter of law.

Likewise, accepted agency principles with respect to the rights of an undisclosed principal reinforce the rights of the Realty Trust to seek relief in this Court.  An undisclosed principal whose existence is not fraudulently concealed and who is not excluded by the terms of the contract has all the rights against the other party to the contract as if the principal itself had made the contract.  Restatement (Second) Agency, § 302 (1943); Howell v. First of Boston Int'l

<u>Corp.</u>, 309 Mass. 194, 196 (1941) (citing § 302 as one of the "familiar rules of law as to

undisclosed principals").  The principal, in this case the Realty Trust, has all the remedies that

would be open to a disclosed party, Wunschel.  ADI admits that Wunschel has the right to sue

under the contract, and the Realty Trust has those same rights as principal.

        4.      The Contract Does Not Prohibit Assignment Of Rights To
                  Receive Indemnity From ADI Under Facts That Can Be
                  <u>Proven Here</u>

Under contract law rights are "assigned" and duties "delegated."  <u>Chatham</u>

<u>Pharmaceuticals, Inc. v. Angier Chemical Co., Inc.</u>, 347 Mass. 208, 209-210 (1964).  In

Massachusetts, it "is axiomatic that a contractual right can be assigned unless assignment is

expressly forbidden by the terms of the contract. . . ."  <u>American Employers' Ins. Co. v. City of</u>

<u>Medford</u>, 38 Mass. App. Ct. 18, 22 (1995).  No such prohibition on assignment appears in the

ADI contract.  Nothing in the indemnity agreement prohibits an assignment of some or all of the

benefits of that indemnity contract.  An assignee, just as much as a party who signs the contract,

has a right to sue to recover benefits permissibly assigned to it.   Therefore, ADI's claim that no

set of facts could be proven on which relief could be granted fails under the motion-to-dismiss

standard of review under which its motion is filed.  A mere assignment from Wunschel (whose

claims and standing have not been challenged) would provide the Realty Trust and/or Nautilus

with the pocketbook injury that ADI claims that they lack and allow relief to be granted.

Certainly, under some circumstances a contract right may not be assigned if it would

(a) materially change an obligor's duty, or (b) materially increase the risk or burden placed upon

the obligor.  <u>American Employers' Ins.</u>, 38 Mass. App. Ct. at 22; <u>Restatement (Second) of</u>

<u>Contracts</u> § 317(2)(a).  Here, however, as discussed above, the extent of liability of ADI under

the indemnity promise of the contract is fixed and indivisible as between the costs of defense and

settlement of the Ellis Action against Wunschel and the Realty Trust. Whether the right to receive indemnity rests with one plaintiff and not others is of no consequence as far as ADI is concerned as it will only have to pay that sum once and its burden is exactly the same as it has been all along. It's duty as obligor is not changed materially and its risk is the same.

Attorney's fees and costs incurred in prosecuting this federal court action, which have been incurred but have not yet been fixed as they are ongoing, are recoverable from ADI as consequential damages for ADI's breach of its indemnity promise. See Redgrave v. Boston Symphony Orchestra, 855 F.2d 888, 894 (1st Cir. 1988) (interpreting Massachusetts consequential damages law). Presently, attorney fees are being paid by Nautilus as subrogee of Wunschel and the Realty Trust as well as on Nautilus's own behalf. Even if Nautilus's subrogation right and its direct right to recover these fees on a consequential damages theory prohibited Wunschel or the Realty Trust from seeking them as named plaintiffs (as ADI intimates in its alternative argument) dismissal is still improper as fees may be incurred by Wunschel and the Realty Trust in this action at some future date. A determination as to dismissal as to this aspect of the relief sought is thus premature in this respect as well.

**C.    Nautilus Draws Its Subrogation Rights Through Wunschel, the Realty Trust Or Both Under Accepted Principles Of Contractual Or Equitable Subrogation**

ADI misapprehends the allegations of the Complaint when it asserts, "Nautilus is the insurance carrier of the 344 Realty Trust" (ADI Rule 12(c) Brief at 3) and mistakenly assumes by extension that Wunschel was not likewise insured. The opposite is true (and must be considered as such) as is clear from the Amended Complaint. See Amended Complaint, ¶ 22 (Nautilus provided defense to Wunschel and the Realty Trust and is subrogated to the rights of Wunschel and the Realty Trust); ¶ 23 (Nautilus incurred attorneys' fees to defend Wunschel and

the Realty Trust); ¶ 32 (settlement of the underlying action was paid by Nautilus on behalf of Wunschel and the Realty Trust). Both the Realty Trust and Wunschel were named insureds on the Nautilus policy. The common policy renewal declarations page makes this clear. (Attached as Exhibit 2.) Plus, both the Realty Trust and Wunschel were named as defendants in the state court Ellis Action. The Second Amended Complaint in the Ellis Action treated both the same, with Count I negligence, Count II conscious pain and suffering, Count III wrongful death, and Count IV gross negligence all framed against "Wunschel and 344 Providence Road Realty Trust" as "Defendants" without distinction. See Amended Complaint Ex. 3. The defense provided for Wunschel was the same as that provided for the Realty Trust so the expenses incurred in defense of the claim including the settlement paid are inextricably intertwined and recoverable so long as the plaintiffs are correct on the scope of the indemnity clause, regardless of whether Wunschel or the Realty Trust or both are entitled to its benefits. Under the terms of the Nautilus policy, Nautilus is entitled to be subrogated to any rights of Wunschel or the Realty Trust to recovery against others. See Frost v. Porter Leasing Corp., 386 Mass. 425, 427 (1982) (insurer's right of subrogation may be reserved in agreement between insurer and insured). The Nautilus policy at Section IV.8. provides: "If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. . . . At our request, the insured will bring 'suit' or transfer those rights to us and help us enforce them." ADI admits that Nautilus agreed to pay $300,000 to secure a settlement of the claims of the plaintiff in the Ellis Action. Amended Answer to Amended Complaint ¶ 32. It even admits that "Nautilus' rights rise . . . as high as those of its insured." ADI Rule 12(c) Brief at 4.

ADI has challenged Nautilus's standing to sue as a subrogee, even though (a) it does not challenge the legitimacy of Wunschel's claims, (b) the amended complaint at paragraph twenty-

two plainly alleges Nautilus's entitlement to subrogation rights through Wunschel as well as the

Realty Trust, and (c) ADI's own answer at paragraph thirty-two admits payment of $300,000 that

at minimum could be recovered by Nautilus in this action by virtue of that subrogation status.

To intimate, as ADI has done in its brief at page 4, that Nautilus has no standing to pursue an

action as a subrogee (at least as subrogee of Wunschel if not of the Realty Trust) but to offer not

one citation to a case or even argue why current and established law on this question should be

overruled is improper.  Cases are legion that allow an insurance company to sue to recover as a

subrogee of its insured.  See, e.g., Lexington Ins. Co. v. All Regions Chem. Labs, 419 Mass. 712,

713 (1995) (upon payment of a loss the insurer is entitled to be subrogated to pursue contract

action of insured as well as any right of action against a third person whose negligence or wrong

caused the loss); New England Gas & Elec. Ass'n v. Ocean Acc. & Guar. Corp., 330 Mass. 640,

659 (1953) (insurer of electric company, which was required to pay for direct and consequential

damage caused by turbine spindle failure, was entitled to be subrogated to insured's contract

rights against turbine manufacturer).  The Amended Complaint fairly states what is a fact, that

both Wunschel and the Realty Trust are Nautilus's insureds.  Nautilus's claims are properly

brought before this Court and it has standing to have them adjudicated here.

**V.    As The Realty Trust Has Suffered Some Unique Damages, Is An Interested Party
        For Declaratory Judgment Purposes, And Plaintiffs Do Not Seek A Double
        Recovery Or Increased Discovery Opportunities, Requiring Nautilus To Be
        Substituted For The Realty Trust Is Not Warranted**

ADI's alternative argument is that Nautilus or the Realty Trust may be allowed to pursue

this action, but not both.  In effect, the plea made would require Nautilus to be substituted for the

Realty Trust because, as explained above, ADI makes no sensible challenge to Nautilus's

plaintiff status as a subrogee of Wunschel.  ADI's admission to paragraph ten of the Amended

Complaint, however, precludes it from challenging the "common, undivided and joint interest"

15

of Nautilus and the Realty Trust and insisting on substitution.  Also, it has admitted a justiciable

controversy exists and joined the plaintiffs' request that this Court adjudicate this controversy.

ADI Amended Answer ¶¶ 42, 54.  Even apart from that, however, several additional

considerations militate against substitution.

First, the Realty Trust has incurred its own compensable defense cost damages in the

Ellis Action and may incur additional attorneys fees recoverable in this action as well.  The

Realty Trust incurred defense costs with respect to the Ellis Action that were not paid by

Nautilus and constitute damages recoverable in the Realty Trust's own right under both chapter

93A and/or the indemnity contract.  See Plaintiff's Supplemental Rule 26 (a)(1) Initial

Disclosure.  The allegations of the Amended Complaint under the notice pleading standard of

Federal Rule of Civil Procedure 8 do not require greater specification of this damage than what

has been pleaded.  There is nothing in the Amended Complaint challenged that precludes

recovery of those damages in the name of the real party in interest, be it the Realty Trust or its

trustee Wunschel.

Second, declaratory judgment precedent generally requires that all interested parties be

named in a declaratory judgment action.  See National Union Fire Ins. Co. of Pittsburgh Pa. v.

Massachusetts Mun. Wholesale Elec. Co., 117 F.R.D. 321, 322 (D. Mass. 1987); Warner v.

Frontier Ins. Co., 288 F.Supp.2d 127, 129-32 (D.N.H. 2003) (case remanded to state court

because of absence of insured in declaratory judgment action by injured person against insurer).

The Realty Trust's status as an interested party properly before this Court on that basis, even if

no other, would suffice to deny ADI's motion.

Third, the plaintiffs do not seek double recovery, nor do they seek additional

interrogatories or discovery events merely because there are three named plaintiffs.  The either-

16

or proposition advanced by ADI is not supported by any cited decision that actually has awarded such relief.

Finally, as explained below, mandatory substitution at this juncture contravenes the permissive language of Federal Rule of Evidence 17(a), which does not endorse the hard and fast rule suggested.

### B.    Real Party In Interest Rules of Fed. R. Civ. P. 17(a) Do Not Permit The Dismissal Requested

Federal Rule of Civil Procedure 17(a) provides explicit protection to litigants to ensure that the proper parties are before the Court before a dismissal sanction can be ordered.  Rule 17(a) provides in part:

> Every action shall be prosecuted in the name of the real party in interest. A[] . . . trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute <u>may sue</u> in that person's own name without joining the party for whose benefit the action is brought; . . .  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a) (emphasis added).  Rule 17(a) is not discussed by ADI, but it should have been for the relief it seeks cannot be granted without exploring its contours.  That ADI makes no challenge to continuation of this action as advanced by Wunschel assumes all the more significance as a result.

For example, should the Court determine that the Realty Trust cannot maintain an action here because its trustee Wunschel, as the real party in interest of an express trust, must sue in his own name without naming the trust (even though the rule speaks in "may sue" terms), the Court must allow ratification, joinder or substitution such that no substantive prejudice can accrue

against the merits of the plaintiffs' claims. Fed. R. Civ. P. 17(a) ("such ratification, joinder, or substitution shall have the same effect . . ." (emphasis added)). The same lack of prejudice would apply if the Court were to require Nautilus to be substituted for the Realty Trust. ADI's assertion, see ADI Rule 12(c) Brief at 2, that it "should not be forced to defend duplicative claims from the 344 Realty Trust and Nautilus" makes no sense in light of Federal Rule of Civil Procedure 17(a) since the burden is no different whether substitution is required or not. What remains of the state court action discussed at the Scheduling Conference has been stayed in favor of awaiting a determination from this Court of the parties' rights so there can be no legitimate complaint from that quarter either. See Kerri Ellis, Administratrix of the Estate of Susan E. Castell v. 344 Providence Rd. Realty Trust and Richard J. Wunschel, C.A. No. 00-2384, Order of Justice Francis R. Fecteau, slip op. at 1 (Mass. Super. Ct., April 14, 2005). One should not overlook that because of the straightforward application of Federal Rule of Civil Procedure 17(a), the bother created by ADI's motion practice can have no real effect on the merits other than a needless and ultimately pointless increase in the cost of litigation. Cf. Fed. R. Civ. P. 11(b)(1). Regardless of the perspective from which ADI's alternative request is viewed, it has no merit, would make no difference even if it did, and merely delays a prompt and inexpensive determination of this action. Fed. R. Civ. P. 1.

## Conclusion

For the reasons set forth in this memorandum, ADI's motion for judgment on the pleadings should be denied.

## REQUEST FOR ORAL ARGUMENT

Believing that oral argument would assist the Court in the resolution of ADI's motion, a hearing is requested.  Local Rule 7.1(D).

Respectfully submitted,

344 PROVIDENCE ROAD REALTY TRUST
RICHARD J. WUNSCHEL, and
NAUTILUS INSURANCE COMPANY

By their attorneys,

*/s/ Matthew J. Walko*
*/s/ Christina Schenk-Hargrove*

_____
Matthew J. Walko (BBO No. 562172)
Christina Schenk-Hargrove (BBO No. 645164)

SMITH & DUGGAN LLP
Two Center Plaza
Boston, Massachusetts 02108-1906
(617) 228-4400

Dated:  May 25, 2005

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies service of the foregoing on May 25, 2005 in accordance with Federal Rule of Civil Procedure 5(b)(2)(D) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as all parties, having appeared in this action through counsel admitted to practice before this Court, have been identified by the Clerk as receiving Notice of Electronic Filing.

 */s/ Christina Schenk-Hargrove*
Christina Schenk-Hargrove (BBO No.  645164)