UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>04-40197-FDS |

**MEMORANDUM & ORDER ON DEFENDANTS'
MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

**SAYLOR, J.**

This matter is before the Court on defendants' motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Plaintiffs have brought a claim for breach of contract against defendant Architectural Deleading, Inc. and a claim for unfair and deceptive practices in the business of insurance against American Safety Risk Retention Group, Inc. Plaintiffs have also sought a declaratory judgment concerning ADI's contractual obligations to plaintiffs and Risk Retention's contractual obligations as ADI's insurer. For the reasons that follow, defendants' motions for judgment will be denied.

**I.      Factual Background**

The following are the facts as alleged in plaintiffs' complaint.

In 1997, plaintiff Richard Wunschel, a resident of East Douglas, Massachusetts, was a

trustee and beneficiary of the 344 Providence Road Realty Trust ("Realty Trust"). Realty Trust owned land and a building located at 11-21 Sutton Street in Northbridge, Massachusetts. On July 29, 1997, Wunschel, acting on behalf of the Realty Trust,[1] entered into a written contract with Architectural Deleading, Inc. to perform repairs and improvements to the Sutton Street building, including deleading, trim work, window replacements, interior and exterior door replacements, and exterior staircase replacements (the "deleading contract"). The deleading contract provided that ADI would obtain all necessary permits for the work and would comply with all local building codes. In addition, ADI agreed to "defend, indemnify and hold harmless the owner from liability and claim damages because of bodily injury, death, property damage, sickness, disease, or loss and expenses arising from [ADI's] operations under this contract."

ADI was insured under a commercial general liability policy by defendant American Safety Risk Retention Group, Inc. ("Risk Retention"). The policy provided coverage for any "insured contract" in which ADI "assum[ed] the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization."

On March 15, 2000, a fire broke out in the Sutton Street property, and Susan Castell, a building tenant, was killed. Her estate brought a civil suit against Wunschel, Realty Trust, and ADI in Worcester Superior Court, alleging negligence and breach of contract, among other claims.[2] Wunschel and Realty Trust then filed a cross-claim against ADI seeking indemnification

---

[1] This contention is at the heart of the dispute. As discussed below, defendants contend that as a matter of law Wunschel could not have been acting on behalf of the trust because he signed the contract without indicating that he was acting in his capacity as a trustee.

[2] Specifically, the plaintiff in that action contended that the Sutton Street property did not comply with Massachusetts state building codes because it lacked a second exit, causing the decedent to become trapped in the fire and eventually die from smoke inhalation. ADI allegedly failed to apply for the necessary building permits for its work. Had it attempted to do so, plaintiff contended, the building inspector would have required that the

for any judgment and attorneys fees incurred in defending the civil action. The Nautilus Insurance Company ("Nautilus") defended Wunschel and Realty Trust; Risk Retention defended ADI.

Apart from the cross-claim, Wunschel and Realty Trust also made a separate written claim for indemnification from ADI on September 25, 2003. ADI presented the claim to Risk Retention, which denied coverage in a December 4, 2003 letter. On July 25, 2004, Wunschel and Realty Trust issued a formal demand letter to Risk Retention under Mass. Gen. Laws ch. 93A, contending that their agreement with ADI was an "insured contract" under the policy, that Risk Retention was obligated to defend and indemnify them, and that the denial of their claim was an unfair and deceptive business practice. Risk Retention responded in a letter dated August 17, 2004, contending that Wunschel and Realty Trust were not insureds under the policy and that therefore Risk Retention owed them neither indemnification or a defense.

Following this exchange, and after mediation, the state court plaintiff agreed to settle her claims for $600,000—$300,000 to be paid by Nautilus on behalf of Wunschel and Realty Trust and $300,000 by Risk Retention on behalf of ADI. The cross-claim in the state proceeding has been stayed pending resolution of the matter before this Court.

**II.    Analysis**

    **A.    Standard of Review**

Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings any time "[a]fter the pleadings have closed," as long as the motion does not delay the trial. Fed. R. Civ. P. 12(c); *see also Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir. 2004). In reviewing a motion under Rule 12(c), the court generally is to apply the same standard that is

---

building be brought up to code, including the addition of a second exit.

used to assess a motion to dismiss under Rule 12(b)(6). *See Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998). The court must therefore assume the truth of all well-pleaded facts in the complaint, and must indulge all reasonable inferences in favor of the plaintiffs. *Santiago de Castro v. Morales Medina*, 943 F.2d 129, 130 (1st Cir. 1991). Judgment may enter only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Id*.

Plaintiffs have attached to their complaint several exhibits, including copies of the insurance policy between ADL and Risk Retention and the deleading contract with ADI to perform work at the Sutton Street property. Ordinarily, if a court considers documents outside the pleadings, a Rule 12(c) motion should be converted into one for summary judgment. *See* Fed. R. Civ. P. 12(c); 5C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1371 at 271-73 (3d ed. 2004). However, exceptions may be made "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (collecting cases in analogous Rule 12(b)(6) context). Thus, the Court will consider these documents in reviewing the Rule 12(c) motion.

### B.  Defendants' Motion for Judgment Based on Lack of Standing

ADI and Risk Retention have both moved for judgment on the pleadings on the grounds that plaintiffs Realty Trust and Nautilus lack standing to sue. Their arguments are narrowly drawn and are nearly identical, and will be considered together.

Defendants contend first that Realty Trust and Nautilus were not parties to the deleading contract and therefore they have no rights under it. Defendants further argue that plaintiffs' only

basis for seeking a declaration of their purported indemnity and defense obligations is that the deleading contract is an "insured contract" within the meaning of the policy that Risk Retention issued to ADI. Accordingly, defendants argue, plaintiffs lack standing to pursue a claim grounded in a contract in which they have no legal rights.[3]

Defendants' motions rest on a single premise: that only Wunschel, in his individual capacity, was a party to the deleading contract. In support of that position, defendants argue the following: (1) the deleading contract makes no mention of Realty Trust; (2) Wunschel signed the deleading contract without indicating that he was representing or acting on behalf of Realty Trust; and (3) Wunschel listed his home address beneath his signature, rather than the address of Realty Trust.[4]

Defendants contend that when a trustee signs a contract related to the trust estate with his own name and address, he cannot, as a matter of law, be signing in his representative capacity. However, they cite no case, statute, or secondary authority for this proposition. Nor do they analyze the issue under Massachusetts law of contracts, agency, or trusts. They simply assume the conclusion, without providing legal support.

Defendants also seem to presume that there could be no other manner in which Realty Trust might obtain a cognizable interest in the deleading contract. Plaintiffs offer several suggestions—for example, that the Trust was a third party beneficiary to the contract, or that is was the recipient of an assignment of rights under the contract. The pleadings offer little insight

---

[3] Defendants concede that Wunschel, in his individual capacity, has standing to pursue his claims.

[4] Defendants state "If Wunschel had intended that the Deleading Contract be between ADI and the 344 Realty Trust, all he had to do was write or sign, 'Richard Wunschel, as Trustee of the 344 Providence Road Realty Trust.'"

into the factual viability of any of these possibilities. Moreover, there is nothing in the record as to what the parties knew or intended when they entered the agreement, or whether there were prior or subsequent dealings that may affect interpretation of the contract. The matter is further complicated by the fact that the rights and liabilities of the trust and the trustee may differ depending on the nature of the trust itself, which the Court cannot conclusively determine from the pleadings.[5]

It is undoubtedly true that the manner in which the trustee signs a contract (e.g., where the trustee signs his name followed by "as trustee" or some similar identifier) can affect his *personal liability* on the contract. *See, e.g.*, Mass. Gen. Laws ch. 203, § 14A.[6] But Wunschel's personal liability is not at issue here; the question is whether he signed in a personal or representative capacity. Defendants have offered no argument as to why the failure to sign "as trustee" would necessarily preclude *enforcement* of the contract by Wunschel as a trustee. *Cf. Burdo v. Tarky*, 315 Mass. 296, 298 (1943) (plaintiff sued on contract without alleging himself to be a trustee; court allowed him to amend complaint to designate himself trustee of realty trust). In a suit to enforce a contract on behalf of a trust, for instance, the designation of plaintiff as a trustee is

---

[5] For example, business trusts are subject to different requirements than conventional trusts. *See, e.g.*, *First Eastern Bank, N.A. v. Jones*, 413 Mass. 654, 657 n.5 (1992); *Larson v. Sylvester*, 282 Mass. 352, 357-59 (1933) (noting that "generally a trust is not a legal personality . . . [and] cannot be sued," but also noting that a "business trust" under Massachusetts law may be sued.). And while trusts are generally not legal "persons" and trustees are not considered "agents" of the trust or the beneficiaries, *Larson*, 282 Mass. at 357-358, nominee trusts are "in the nature of a partnership and not a trust . . . [and] the trustees [are considered] merely the agents for the principal's convenience." *Sylvia v. Johnson*, 44 Mass. App. Ct. 483, 485-486 (1998) (citation and internal quotation marks omitted). Should agency principles apply to Realty Trust, they might provide a cognizable interest in the contract.

[6] Mass. Gen Laws ch. 203, § 14A limits a trustee's personal liability "on contracts properly entered into in his fiduciary capacity in the course of administration of the trust estate unless he failed to reveal his representative capacity and identify the trust estate in the contract." However, this liability provision applies only to donative trusts, not business trusts or nominee trusts. *See First Eastern Bank, N.A. v. Jones*, 413 Mass. 654, 658-60 (1992); *Apahouser Lock and Sec. Corp. v. Carvelli*, 26 Mass. App. Ct. 385, 388 (1988).

6

"mere surplusage." *Id.*

Assuming for the moment that the words "as trustee" (or their equivalent) have legal significance in this context, the record nonetheless remains too skeletal for the Court to determine the consequences of their absence—particularly without knowing the precise nature of the trust.[7] In short, because material facts are either unknown or are disputed, judgment on the pleadings under Rule 12(c) is inappropriate. Accordingly, defendants' motion will be denied.

The Court makes this ruling on a narrow basis—it takes no position as to whether Realty Trust itself is ultimately a proper party to this dispute, or what the evidence may ultimately show. The Court holds only that the grounds stated by defendants, standing alone, cannot sustain a Rule 12(c) motion for judgment on the pleadings.

### C. Defendants' Motions for Judgment On Grounds that Insurer and Insured May Cannot Both Be Proper Plaintiffs

ADI and Risk Retention have also moved in the alternative for judgment under Rule 12(c) on the grounds that either the subrogated insurer, Natuilus, or its insureds, Realty Trust and Wunschel, may bring a declaratory judgment action, but both together may not.[8]

Plaintiffs state that Nautilus is the subrogated insurer of Wunschel and Realty Trust. Defendants apparently infer from this that the claims of Wunschel and/or Realty Trust were

---

[7] In its opposition to defendant's motion for judgment, plaintiff has suggested the possibility of assignment of rights in the deleading contract to Realty Trust. *See, e.g.*, *Schwartz v. Abbott Motors, Inc.*, 344 Mass. 28, 29-30 (1962) (attempt to assign rights in sales contract to business trust was effective, even though business trust not considered a legal entity capable of entering a contract itself; assignment effectively transferred rights to trustee in his representative capacity). The Court cannot conclusively rule out such possibilities on the present record.

[8] Defendants did not object to the fact that Wunschel in his individual capacity was a proper plaintiff. It should be noted that plaintiffs contend Nautilus is the subrogated insurer of Wunschel without reference to whether he is insured only in his representative capacity or in his individual capacity as well.

completely subrogated. However, while this may be true, it is not necessarily so.

Where an insurer has indemnified its insured for the full amount of damages, the insurer generally becomes the real party in interest. *See State Farm Mut. Liability Ins. Co. v. United States*, 172 F.2d 737, 739 (1st Cir. 1949). Subrogation may, however, be whole or in part. *See generally* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1546 at 360-63 (2d ed. 1990). In cases of partial subrogation, either the insurer, the insured, or both may bring a claim. *See State Farm*, 172 F.2d at 739; 6A FEDERAL PRACTICE AND PROCEDURE § 1546 at 360-62. Although Nautilus paid out $300,000 on behalf of plaintiffs, plaintiffs contend that there remain excess recoverable costs incurred in defending the state court action. The Court must draw all reasonable inferences in favor of plaintiffs and must treat that representation as true for present purposes. Judgment on the pleadings in favor of defendants is therefore inappropriate.

### III. Conclusion

For the foregoing reasons, the Motions for Judgment on the Pleadings of defendants American Safety Risk Retention Group, Inc., and Architectural Deleading, Inc. are DENIED. **So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 24, 2006