UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 344 PROVIDENCE ROAD REALTY TRUST, RICHARD J. WUNSCHEL, and NAUTILUS INSURANCE COMPANY, <br><br>Plaintiffs, <br><br>v. <br><br>AMERICAN SAFETY RISK RETENTION GROUP, INC. and ARCHITECTURAL DELEADING, INC., <br><br>Defendants | CIVIL ACTION NO. 04-40197-FDS |

**JOINT STIPULATION REGARDING**
**MOTION FOR LEAVE TO CONTACT AND IDENTIFY EXPERT WITNESS**

Plaintiffs 344 Providence Road Realty Trust, Richard J. Wunschel, and Nautilus Insurance Company (collectively "Realty Trust") and Defendant Architectural Deleading, Inc. ("ADI") submit the following joint stipulation regarding the "Motion Of Defendant, Architectural Deleading, Inc., For Leave To Contact And Identify Expert Witness" (Docket No. 48).

A.   Whereas ADI in its motion seeks leave of Court to contact Charles J. Dinezio ("Dinezio"), a witness identified as an expert witness by Richard J. Wunschel and 344 Providence Road Realty Trust in an action pending in the Trial Court of Massachusetts, Worcester Superior Court, captioned <u>Kerri A. Ellis, Administratrix of the Estate of Susan E. Castell v. 344 Providence Rd. Realty Trust, Richard J. Wunschel and Architectural Deleading, Inc.</u>, Civil Action No. 2000-02384 (the "Ellis Action"), and to identify Dinezio as a person upon

whom ADI may rely to present expert testimony at trial pursuant to Federal Rule of Civil Procedure 26(a)(2);

B. Whereas the claims of the Castell Estate in the Ellis Action have been settled, but the cross claims between the defendants in the Ellis Action have been stayed pending a resolution of this Federal Court action;

C. Whereas Dinezio did not testify at trial or by deposition prior to the settlement of the claims of the Castell Estate in the Ellis Action, but did prepare an affidavit that was disclosed in the Ellis Action;

D. Whereas the Realty Trust did not identify Dinezio as an expert witness in this Federal Court action pursuant to Federal Rule of Civil Procedure 26(a)(2);

E. Whereas Federal Rule of Civil Procedure 26(b)(4)(B) provides in relevant part that a party may discover "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means;" and

F. Whereas Federal Rule of Civil Procedure 26(a)(2)(B) provides that witnesses identified by a party as experts to present evidence at trial must prepare a report of their opinions "[e]xcept as otherwise stipulated or directed by the court . . . ;"

ADI and Realty Trust enter into the following joint stipulation that they seek to be approved by the Court regarding ADI's motion (Docket No 48):

1.  ADI shall be allowed to depose Dinezio pursuant to Federal Rules of Civil Procedure 26(b)(4)(B), 30, and/or 45, at which deposition counsel for all parties shall have an opportunity to examine or cross-examine Dinezio, subject to the following conditions:

a.  No inquiry shall be permitted and/or Dinezio may be instructed not to answer any inquiry with respect to any communications that took place on or before 13 August 2003 (the date of the summary judgment hearing in the Ellis Action) between Dinezio and counsel for Richard J. Wunschel and/or 344 Providence Road Realty Trust in the Ellis Action.

b.  Counsel for ADI and counsel for the Realty Trust shall contact Dinezio by joint letter with respect to the conduct of the deposition, the conditions imposed by this Stipulation, and any documents that the parties may wish Dinezio to have available for review in advance of the deposition, which may be accompanied by a deposition subpoena served in accordance with the rules, but that otherwise neither party may engage in any *ex parte* contacts with Dinezio after the entry of this stipulation (except as set forth in subparagraph c, below), and that Dinezio be instructed to discuss any administrative matters with counsel in advance of the deposition by correspondence on which counsel for the Realty Trust and ADI are copied or by conference call in which counsel for the Realty Trust and ADI participate.

c.  Should ADI seek production of file materials in the custody of Dinezio at the deposition, counsel for the Realty Trust shall have the opportunity in advance of the deposition questioning and in advance of any disclosure to ADI or others to review such materials produced and remove, segregate and withhold documents or portions of documents identified as concerning or referring to confidential and/or not previously-disclosed communications that took place on or before 13 August 2003 (the date of the summary judgment hearing in the Ellis Action) between Dinezio and counsel for Richard J. Wunschel and/or 344 Providence Road

Realty Trust in the Ellis Action, but counsel for the Realty Trust shall create a privilege log with respect to any such documents or portions of such documents, which privilege log shall be provided to ADI.

    d.    ADI shall pay Dinezio a reasonable expert witness fee for time spent in responding to the above discovery, including a reasonable fee for time spent in preparation for the deposition, testifying at the deposition, and making any changes to the transcript of his deposition as provided by Federal Rule of Civil Procedure 30(e).

    2.    Following the deposition of Dinezio and the expiration of the time for Dinezio's review and signing of the deposition transcript, ADI shall have the opportunity to designate Dinezio as an expert witness at trial pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), but no separate report shall be required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) as the transcript of Dinezio's deposition testimony shall be deemed a sufficient disclosure for the purposes of that rule.

    3.    Should the parties require additional time under the current tracking order to complete the discovery of the opinions of Dinezio as set forth in this Stipulation, the Court will entertain a motion seeking such relief.

AGREED AND RESPECTFULLY SUBMITTED:

| | |
|---|---|
| The plaintiffs,<br>344 PROVIDENCE ROAD REALTY TRUST,<br>RICHARD WUNSCHEL, and NAUTILUS<br>INSURANCE COMPANY | The defendant,<br>ARCHITECTURAL DELEADING, INC. |
| By their attorneys: | By its attorneys: |
| SMITH & DUGGAN LLP | MORRISON MAHONEY LLP |
| */s/ Matthew J. Walko*<br>Matthew J. Walko (BBO No. 562172)<br>Two Center Plaza, Suite 620<br>Boston, MA 02108-1906<br>(617) 228-4400<br><br>Dated: June 13, 2006 | */s/ John F. Burke, Jr.* (per telephone)<br>John F. Burke, Jr. (BBO No. 065140)<br>1500 Main Street, Suite 2400<br>PO Box 15387<br>Springfield, MA 01115<br>(413) 737-4373<br>Dated: June 13, 2006 |

ASSENTED TO:

The defendant,
AMERICAN SAFETY RISK RETENTION
GROUP, INC.

By its attorneys:

CLARK, HUNT & EMBRY

*/s/ William J. Hunt* (per email)
William J. Hunt (BBO No. 244720)
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920
Dated: June 13, 2006

APPROVED BY THE COURT:

_____, J.

5

CERTIFICATE OF SERVICE

The undersigned certifies service of the foregoing on June 13, 2006, in accordance with Federal Rule of Civil Procedure 5(b)(2)(D) and United States District Court for the District of Massachusetts Electronic Case Filing Administrative Procedure § E(2) as all parties, having appeared in this action through counsel admitted to practice before this Court, have been identified by the Clerk as receiving Notice of Electronic Filing.

_____
Matthew J. Walko (BBO No. 562172)